**Andrew HANDY, on behalf of himself and others similarly situated,**

v.

**Vice Admiral Noel A. GAYLER, United States Navy, as Director, National Security Agency, et al.**

**Civ. A. No. 72-824-N.**

United States District Court,
D. Maryland.

Oct. 3, 1973.

Andrew Handy, in pro. per.; James L. Gibson, Jr., Suitland, Md., for plaintiff.

George Beall, U. S. Atty., D. Md., and Russell T. Baker, Jr., Asst. U. S. Atty., for defendants.

NORTHROP, Chief Judge.

This class action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972. The plaintiff is a black personnel officer employed by the National Security Agency (hereinafter referred to as NSA), an agency of the United States. The suit is filed on behalf of the plaintiff and all persons adversely affected by unlawful employment practices at NSA. The defendants are several officials who are being sued individually and in their governmental capacity. They have moved to dismiss on the grounds that: (1) the plaintiff cannot recover damages from the named individuals because the alleged acts were within the scope of their official duties; (2) the suit is barred by the doctrine of sovereign immunity; (3) the suit is not authorized by the Civil Rights Act of 1964 as amended.

The plaintiff entered the National Security Agency in February, 1965 at the pay grade of GG–07. He has been subsequently promoted during his term of employment. In September, 1971, he conferred with NSA's Equal Employment Opportunity office to initiate a complaint of discrimination. Two EEO counselors interviewed the plaintiff to determine the specifics of the charge. An informal investigation was conducted which included interviews with individuals suggested by the plaintiff. The counselors found no evidence to support the charge of racial discrimination. In October of 1971, the plaintiff filed a formal written complaint which alleged:

> [named individual] . . . has acted in concert with other agency employees to deny me my right to equal employment opportunity. He has discriminated against me as an individual and as a professional because of my race and because I opposed unlawful employment practices. His actions have resulted in defamation of my character and my professional reputation, harassment in the performance of my job, my involuntary reassignment and jeopardy to my employment and career at [NSA].

An investigation was conducted by two EEO-appointed individuals who concluded that the allegations were not substantiated by the evidence. The plaintiff then requested and received an ad-

ministrative hearing before an EEO appeals examiner appointed by the Civil Service Commission (hereinafter referred to as Commission). The investigation was limited to the circumstances of discrimination against the plaintiff, Andrew Handy. The decision of the examiner was that there was no evidence of discrimination against the plaintiff based on race. The defendant Director of NSA concurred in the appeals examiner's finding and so informed the plaintiff in writing. The plaintiff then filed this civil action seeking a new trial in this Court.

The critical issue that this Court must decide is whether the "civil action" granted to federal employees in 42 U.S. C. § 2000e–16 entails a wholly new trial or only a review of the administrative record. The importance of this case cannot be underestimated for it could have profound effect on litigation in the area of federal employment discrimination. If a trial *de novo* is required, an entire new record will have to be developed. In many respects this will duplicate that which was compiled in the administrative proceedings below. The addition of full-blown trials will only tax an already heavily burdened federal court system. Therefore, this Court must be judicious in proceeding with this matter.

In enacting the Equal Employment Opportunity Act of 1972, the Congress maintained a distinction between private and federal employees. Private employees, upon compliance with limited procedures before the Equal Employment Opportunity Commission (EEOC), have the right to bring a civil action on the merits in the appropriate federal court. As to federal employees, § 2000e–16 provides in part that:

(c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit . . . or by the Civil Service Commission upon an appeal from a decision or order of such [governmental] . . . unit on a complaint of discrimination . . . an employee or applicant for employment, if aggrieved by the final

disposition of his complaint, or by failure to take final action on his complaint, may file a civil action . . . in which . . . the head of the department, agency, or unit . . . shall be the defendant.

At the time the bill was being debated, there was criticism of the Commission and the ineffectiveness of its administrative procedures. A number of proposals called for placing enforcement against federal employment discrimination in the hands of the EEOC. As enacted, however, not only was jurisdiction retained in the Commission but its powers were broadened. Federal agencies were charged with drawing up plans to promote equal employment opportunity and the Commission was to continually review and evaluate them. The Commission drafted detailed regulations concerning every facet of equal employment in the federal government. Clear-cut grievance procedures were established within each federal agency with right to appeal to the Commission. It appears, then, that Congress placed primary responsibility for enforcement against discrimination in the Civil Service Commission. It is also clear that the lawmakers distinguished the role and functions of the EEOC and the Civil Service Commission.

The statute on its face does not indicate whether a trial *de novo* is required. Of significance, however, are the comments of a leading sponsor of the bill, Senator Harrison Williams, which support the interpretation that judicial action is limited to the traditional review of the administrative record:

. . . a provision [enables] an aggrieved Federal employee to file an action in the U. S. District Court for *a review of the administrative proceeding record* after a final order by his agency or by the Civil Service Commission, if he is dissatisfied with the decision. [118 Cong.Rec. 2280 (February 22, 1972) (emphasis added)].

(*See* Hackley v. Johnson, 360 F.Supp. 1247 (D.C.D.C.1973) which, after a de-

finitive review of the legislative history of the Act, held that a trial *de novo* was not required.) And the thrust of the statute would seem to support this conclusion. It was intended to provide federal employees with substantial and expedient remedies for complaints of racial discrimination. This would be frustrated by a trial *de novo* which would require a new record and reasonable discovery. In essence, a new and independent cause of action would be created for the federal employee as was done for the private employee. But to do this would nullify the system established by Congress and render the statute meaningless.

■ Since this Court is of the opinion that a trial *de novo* is not required, it concludes that the 1972 Act extends to racial discrimination in federal employment the limited judicial review available in discharges and other personnel actions. The Fourth Circuit has defined that standard of review so that:

Under the uniform holdings of the various United States courts we are not authorized to reverse the action of the agency and appellate commission unless we find their decisions were arbitrary, unreasonable, capricious, or not supported by substantial evidence. . . . The scope of judicial review [is] fully exhausted when the record discloses[s] substantiality in the support for the administrative findings. [Halsey v. Nitze, 390 F.2d 142, 144 (4th Cir.), cert. den., 392 U.S. 939, 88 S.Ct. 2316, 20 L.Ed.2d 1399 (1968)].

In terms of judicial review of federal employee litigation, the D. C. Circuit has noted that employee adverse action litigation:

. . . although cast in the mold of original actions in the district court for reinstatement and related relief, are disposed of on the basis of the ad-

ministrative record and should be governed by the principles generally applicable to judicial review of administrative action . . . . [T]he district court is engaged in limited judicial review, and its determination is based upon the agency record submitted to it. No de novo evidentiary hearing is permitted. Polcover v. Secretary of Treasury, 155 U.S.App.D.C. 338, 477 F.2d 1223, 1225–1226 (1973).

Should the court determine that the administrative record does not meet this standard, it may in its discretion remand, take testimony that such administrative procedure be supplemented, or grant the plaintiff relief on the administrative record. Hackley v. Johnson, *supra*.

■ The above discourse is pertinent to the instant case. The complaint is filed as a class action and seeks relief for all persons aggrieved by unlawful employment practices at NSA. The investigation conducted by the appeals examiner, and upon which this Court's review would be based, was limited to specific acts of discrimination against the plaintiff Andrew Handy. Were this Court to permit the plaintiff to proceed, it would entail in essence a trial *de novo* in order to create a record on the allegations of discrimination against a class. What is before this Court then is an entirely new cause of action. The proper thing to do at this juncture is to remand the case back to the Civil Service Commission appeals examiner for further investigation as to the charges made in the civil complaint. This Court will retain jurisdiction of this case and hold further action in abeyance.

Accordingly, this case is remanded to the United States Civil Service Commission for further investigation, as indicated in the aforegoing opinion.