**William E. TOMLIN, Plaintiff,**

v.

**UNITED STATES AIR FORCE MEDICAL CENTER et al., Defendants.**

**Civ. No. 4373.**

United States District Court,
S. D. Ohio, W. D.

Jan. 17, 1974.

Mike J. Stinchfield, Dayton, Ohio, for plaintiff.

Gary T. Brinsfield, Asst. U. S. Atty., Dayton, Ohio, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter now comes before the Court pursuant to defendant's motion to dismiss this action for lack of subject matter jurisdiction, Fed.R.Civ.P. 12 (b)(1), for plaintiff's failure to state a claim for which relief may be granted, Fed.R.Civ.P. 12(b)(6), and, alternatively, upon defendant's motion for summary judgment, Fed.R.Civ.P. 56.

The plaintiff herein complains of acts of alleged racial discrimination by an agency of the United States and seeks relief by way of the Equal Employment Opportunity Act of 1972 § 11, 42 U.S.C. § 2000e–16 (Supp. II 1972), other Civil Rights Acts, and the Fourteenth Amendment of the United States Constitution.

The defendant's motion to dismiss the plaintiff's action is, in effect, a motion for judgment on the pleadings. Defendant asserts that, as a matter of law, plaintiff's complaint is deficient in its attempt to state a claim for which there is legal relief available.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove facts which would entitle him to relief, Warner Co. v. Brann & Stuart Co., 198 F.Supp. 634, 637 (E.D. Pa.1961). *See also* Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Seeley v. Brotherhood of Painters, Decorators, Etc., 308 F.2d 52 (5th Cir. 1962). Factual allegations of a complaint must be taken as true for purposes of a motion to dismiss, Lasher v. Shafer, 460 F.2d 343 (3rd Cir. 1972); Tanner v. Presidents First Lady Spa, Inc., 345 F.Supp. 950, 952 (E.D.Mo. 1972); Niece v. Sears, Roebuck & Co., 293 F.Supp. 792 (N.D.Okl.1968); Tranowski v. Chicago Bar Ass'n, 309 F.2d 421 (7th Cir. 1962).

The defendant herein has, in addition to moving for dismissal under Rule 12(b), Fed.R.Civ.P., also moved for summary judgment under Rule 56, Fed.R. Civ.P. The preference for summary judgment in this type of case will emerge from the federal statutory foundation of plaintiff's claim.

Federal racial discrimination among employees is new to the courts because the protection in the employment field has only recently been extended by Congress to federal employers and employees. It must also be noted that the jurisdiction of the Equal Employment Opportunity Commission does not extend to employer practices where the United States is the employer in question. 42 U.S.C. § 2000e–4(a) through (g) (Supp. II 1972), while enumerating EEOC powers, clearly excludes the United States itself when it defines "employer":

> (b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees  . . . , but such term does not include (1) the United States,  . . .

42 U.S.C. § 2000e(b) (Supp. II 1972).

Hence, in cases of alleged racial discrimination by the federal government or its agencies, complaints filed

with the EEOC are without significance. Nevertheless, federal employees are not left without a remedy. In 1972, Congress directly placed enforcement of 42 U.S.C. § 2000e–16(a) barring federal employment discrimination within the purview of the Civil Rights Commission, 42 U.S.C. § 2000e–16(b). Since 42 U.S.C. § 2000e–16 creates a statutory right to challenge racial discrimination by the United States before the Civil Service Commission [CSC], sovereign immunity would bar all other modes of redress save that taken to the CSC.

■ The procedure for challenging alleged discrimination requires the employee to first complain to the agency employing him. Within thirty days of final agency action on his complaint, the employee may elect to either file a civil action in a federal district court or to appeal that final agency decision to the CSC, 42 U.S.C. § 2000e–16(c) (Supp. II 1972). Furthermore, if appeal is taken to the CSC, the appellant may file a civil action within thirty days of receipt of notice of the CSC's final action. Thus, the disjunctive language of 42 U.S.C. § 2000e–16(c) allows the aggrieved employee to sue after final action by his or her employing agency or after the CSC disposes of the appeal from that final agency decision.

■ A civil action for alleged federal employment discrimination is, as mentioned, somewhat new to the federal judiciary. It has been recently held that cases arising under the 1972 amendments to the Equal Employment Opportunity Act [EEOA] enlarging its scope to cover the federal government, 42 U.S.C. § 2000e–16, do not require trials *de novo*. Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.1973). Judge Gesell in *Hackley* disfavored duplication by federal courts of the efforts of federal agencies having expertise in matters pertaining to civil rights. The grant of jurisdiction did not, *ipso facto*, dictate the manner in which federal courts should exercise that jurisdiction. *Id.* at 1250, 1252.

*Hackley* asserts that Congressional intent foresaw a supervisory role for federal courts over the employment practices of federal agencies, *i.e.*, to give the aggrieved employees access to a forum which would review the record of the administrative proceedings with regard to the employee's claim. This is precisely the role of federal courts concerning review over decisions of the Secretary of Health, Education and Welfare concerning the award of disability insurance benefits. *See,* 42 U.S.C. § 405(g) (1970); Harrison v. Richardson, 448 F. 2d 638 (6th Cir. 1971).

■■ This Court is of the opinion that the approach in *Hackley* is well-reasoned and sensible. This Court will not try federal employment discrimination cases *de novo*, but will review them for evidence of arbitrary action by federal employers, agencies, or the CSC. If no arbitrariness is found, the Court will and should defer to administrative expertise in adjudicating grievances through currently established procedures which are part of present federal employment practices. Future litigants in such cases should move for summary judgment based on the record of the relevant administrative proceedings. After review thereof, the Court would either affirm, reverse, or remand (for more administrative processes) the decision of the agency involved. *See also,* 42 U.S.C. § 405(g) (1970) (Social Security Act procedures). The Court would always reserve the right to hold a hearing or a trial if the facts of the particular situation seemed to so require. It is from this procedural perspective that the Court now turns to consideration of the case at bar.

■ After final agency action by the defendant Air Force, plaintiff here had a choice of forum for appeal. He could either appeal to the CSC or file his action for review in this Court, 42 U.S.C. § 2000e–16(c) (Supp. II 1972). He chose the latter. In so doing, the thirty day period provided by statute for appeal to the CSC has lapsed, thus preventing this Court from remanding this

case to the CSC, 42 U.S.C. § 2000e–16(c). Thus, the options open to the Court now are either to grant a hearing or to affirm the agency decision.

The Department of the Air Force, in its letter of January 12, 1973, advised plaintiff of its final decision:

The entire complaint file, including representations made by you subsequent to the Commander's notification of results of investigation dated 24 August 1972, has been completely reviewed. . . .

It has been determined that the evidence presented does not support a finding of discrimination.

Since remand to the Commission for possible amplification is not possible, the issue is whether plaintiff has sufficiently alleged unfair or arbitrary action by the agency in dealing with his complaint.

The heart of the complaint is paragraph 6 thereof, which states, in pertinent part:

6. Defendant discriminated against plaintiff a Negroe, by eliminating his job in the bake shop, the result of closing down the bake shop function within the hospital at the USAF Medical Center. . . .

This paragraph at best is grounded upon a belief that plaintiff has a right to compel the United States to continue his existing job. Such is not the import of the EEOA nor is this a legal right otherwise conferred upon plaintiff. Absent any allegation of arbitrary action, paragraph 6 asserts no judicially cognizable rights.

Paragraph 7 of the complaint states that "defendant discriminated against plaintiff by arbitrarily removing him from his chosen work field," and paragraph 8 continues:

8. Defendant discriminated against plaintiff by threatening to officially reprimand him because of an alleged absence without leave from his duties.

The Department of the Air Force found no racial discrimination in the employment practices of the United States when it eliminated the bake shop job and switched plaintiff's work area. Further, no assertion of arbitrary agency action or failure to give full and fair consideration to plaintiff's allegations is alleged. Plaintiff instead asks this Court to duplicate the agency fact-finding and decisions and we decline so to do.

This Court is very reluctant to interfere with federal employers without more specific or concrete allegations of arbitrary action on the part of the agency processing an employee's complaint. Discrimination *per se* is not unlawful; rather, discrimination that is racially motivated is prohibited. *See* Richardson v. Hotel Corp. of America, 332 F.Supp. 519, 521 (E.D.La.1971). Furthermore, the Courts must also be cognizant of the EEOA stricture that:

. . . No order of the Court shall require the admission or reinstatement of an individual . . . as an employee, or the payment to him of any back pay, if such individual was refused admission, suspended, or expelled, or was refused employment or advancement or was suspended or discharged *for any reason other than discrimination on account of race, color, religion, sex, or national origin* or in violation of section 2000e–3(a) of this title.

42 U.S.C. § 2000e–5(g) (Supp. II 1972). (emphasis added) A plaintiff, therefore, may not immunize himself from discipline by a mere assertion of discrimination. Neither is he entitled to relief from a court unless he alleges arbitrary administrative action in the processing of his complaint and the consideration of his claims.

Upon consideration of the agency action, it is clear that plaintiff's allegations do not support a claim of arbitrariness or racial discrimination. Since no genuine issue of material fact exists, defendant is entitled to judgment as a matter of law.

Accordingly, defendant's motion for summary judgment is hereby granted and plaintiff's complaint is dismissed.