**Karen J. McCREESH**

v.

**Captain J. B. BERUDE, USN, et al.**

**Civ. A. No. 73–1098.**

United States District Court,
E. D. Pennsylvania.

Aug. 6, 1974.

**1366**

---

John J. McCreesh, III, McCreesh & McCreesh, Philadelphia, Pa., for plaintiff.

William J. McGettigan, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

Plaintiff, Karen J. McCreesh, a former civilian employee of the United States Department of the Navy, Philadelphia Navy Shipyard, filed a complaint under Section 11 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16, alleging that her promotion from a civil service grade of GS–9 to GS–11 was illegally delayed for over seven months because of racial and sexual discrimination. Ms. McCreesh initially filed an equal employment opportunity complaint with the Department of the Navy. Dissatisfied with the final decision of that Department, Ms. McCreesh instituted this civil action as authorized by Section 2000e–16(c).[1]

The government filed a motion to dismiss or in the alternative a motion for summary judgment. On May 16, 1974, both government motions were denied. Specifically, the motion for summary judgment was denied because the government's contention that no genuine issue of fact existed was based entirely on unsupported factual allegations in the government's brief. No fact stipulations, affidavits or exhibits of any kind were attached to the motion. The government has now filed a motion requesting that the May 16, 1974 order be re-

---

1. Instead of presently filing this civil action, Ms. McCreesh could have elected to appeal the final action of the Navy Department to the Civil Service Commission. However, because Section 2000e–16(c) expressly allows an employee to file a civil action after either "notice of final action taken by a department, agency, or unit . . .

or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit," it is clear that Ms. McCreesh was not required to appeal to the Civil Service Commission before instituting this action. Tomlin v. United States Air Force Medical Center, 369 F.Supp. 353, 356 (S.D.Ohio 1974).

considered and vacated. In conjunction with this motion the government has submitted a certified copy of the Navy Department's administrative file in. this case. This is the only new matter which the government has filed since the May 16, 1974 Order.

█ Consideration of this administrative record raises the question of the proper role of a federal district court in a Section 2000e–16 discrimination case. Section 2000e–16(c) allows an employee to file a civil action in federal district court after final agency action or after final action by the Civil Service Commission. However, it does not expressly define the scope of the district court's duty. On its face, the section does not indicate whether the district court must grant a trial *de novo* in all cases or whether a more restricted form of judicial review of the administrative record is intended. Although Section 2000e–16 is relatively new, being added in the 1972 amendments to Title VII, several courts have analyzed this issue. Tomlin v. United States Air Force Medical Center, 369 F.Supp. 353 (S.D.Ohio 1974); Handy v. Gayler, 364 F.Supp. 676 (D. Md.1973); Johnson v. United States Postal Service, 364 F.Supp. 37 (N.D. Fla.1973); Hackley v. Johnson, 360 F. Supp. 1247 (D.C.D.C.1973). Each concludes that a trial *de novo* in the district court is not an automatic requirement and the scope of review depends on an individual assessment of the particular administrative record in each case. In a well reasoned opinion, Judge Gesell noted in *Hackley* that Congress, in enacting Section 2000e–16, had taken specific steps to strengthen the enforcement machinery of the Civil Service Commission and had directed the Commission to expand its expertise and control over the federal agencies in the handling of discrimination complaints. The legislative history disclosed that the federal courts were to exercise a supervisory role over this administrative process, providing an avenue of review for aggrieved employees yet borrowing from the recognized expertise of the administrative agencies. *Hackley, supra* at 1250–1252. Judge Gesell therefore concluded that an absolute requirement of a trial *de novo* in all cases would unnecessarily duplicate the efforts of the administrative agencies and ignore Congressional intent. *Id.* at 1252. Nevertheless, the court is not bound by the administrative rulings and it retains ultimate discretion to proceed in whatever manner it deems appropriate under the particular circumstances of each case. *Id.* After a careful study of the administrative record, therefore, a district court may affirm the administrative decision, remand, take testimony to supplement the administrative record, grant a trial *de novo*, or grant the plaintiff relief on the basis of the administrative record. *Id.*; *Tomlin, supra*, 369 F.Supp. at 356; *Johnson, supra*, 364 F.Supp. at 41; *Handy, supra*, 364 F.Supp. at 679. The administrative record in the instant case must therefore be carefully analyzed in determining the proper disposition of this case.

According to the affidavit of Ms. McCreesh, which is part of the administrative record, Ms. McCreesh was a participant in the Philadelphia Navy Shipyard's Personnel Management Training Program. On April 11, 1972, she successfully completed the training period and was recommended for promotion from GS–9 to GS–11 by her supervisor, Mr. Charles Proud. Captain J. B. Berude, Shipyard Commander, postponed action on Ms. McCreesh's promotion after receiving the recommendation. Thereafter, in early May 1972, it is alleged that Captain Berude instituted a "freeze" on all promotions effective through June 30, 1972.[2] Ms. McCreesh did not receive her promotion during or prior to this "freeze" period.[3] It was

---

2. It is uncertain from the remainder of the record what the exact details of this alleged "freeze" policy were, *i. e.*, provisions, scope, exceptions, authorization, dates of operation, etc.

3. Although not indicated in the administrative record, Ms. McCreesh apparently did receive her promotion to GS–11 on November 19, 1972 as the complaint in this action states that her promotion was illegally delayed until November 19, 1972.

Ms. McCreesh's contention that if she were a male or other than white, she would have been promoted on schedule prior to the "freeze."

As best as can be gleaned from the various exhibits in the administrative record, an Equal Employment Opportunity (EEO) counselor interviewed plaintiff on two occasions in May, 1972, to discuss plaintiff's grievance. Unable to resolve the matter, plaintiff filed a formal Equal Employment Opportunity complaint on June 13, 1972 claiming racial and sexual discrimination in the delay of her promotion. An investigation was then conducted by an EEO investigator who concluded that plaintiff's promotion was delayed because of a civilian employment control policy then in effect and not on account of race or sex. The investigator's report contains the affidavits of Ms. McCreesh, Captain Berude and Mr. Ernest Kassner, one of Ms. McCreesh's superiors, in addition to numerous documents and memos. Presumedly, the investigator's report was based solely on these items without the taking of any testimony. The report was then forwarded to the Commander of the Navy Yard and Ms. McCreesh. The Commander informed Ms. McCreesh that on the basis of that report, he found no evidence to support her discrimination complaint and that his proposed disposition would be against Ms. McCreesh. She was informed that she was entitled to a hearing before an Appeals Examiner of the Civil Service Commission. Thereafter, the final decision of the Department of Navy would be made. If Ms. McCreesh failed to request a hearing, final decision would be entered without further proceeding. According to the record, Ms. McCreesh requested such a hearing before an Appeals Examiner, but the record contains nothing to indicate that the hearing was ever held or that it was subsequently waived by Ms.

McCreesh. Thereafter, however, Ms. McCreesh did meet informally with Captain Frank Knock of the Naval Ship Systems Command who reviewed the findings of the EEO investigator with her and informed her that in his opinion no discrimination had occurred. After indicating her desire to institute a civil action in federal district court, Captain Knock, by letter of April 16, 1973, issued the final decision of the Navy Department denying Ms. McCreesh's complaint. Ms. McCreesh then commenced this civil action.

On the basis of the current administrative record, I must now determine the appropriate disposition of this case. In *Hackley*, Judge Gesell granted summary judgment for the defendants on the basis of the administrative record after finding that the absence of discrimination was affirmatively established by the clear weight of the evidence in the record. *Hackley, supra*, 360 F.Supp. at 1253–1255. Significantly in *Hackley*, both plaintiffs had been granted extensive evidentiary hearings before a Civil Service Commission Appeals Examiner and the record contained the transcripts of those hearings, 250 and 985 pages respectively. By contrast, the record in the instant case is barren of any evidentiary hearing transcript and consists solely of reports, letters, memos and other documents, most of which are hearsay, in addition to the three affidavits previously mentioned. Moreover, even as presently assembled, the record is deficient in several respects. The EEO investigator's report, which formed the primary basis of the Department's decision, was presumedly based on the affidavits and documents contained therein. However, noticeably absent from the list of affiants is Mr. Charles Proud, the supervisor who actually recommended Ms. McCreesh for promotion to GS–11.[4] Secondly, the EEO investi-

4. This absence may not have been the fault of the investigator as he stated in a letter to Captain Berude that he attempted but was unsuccessful in contacting Mr. Proud.

gator's report indicates that several civilian promotions were made during the period from April 11, 1972 to June 30, 1972 despite the shipyard's policy restricting such promotions. The report, however, simply concludes without explanation that the majority of these promotions could qualify under the "key position" exception to the policy. The two promotions which admittedly could not so qualify are explained as necessary and minor respectively. These promotions involve the crux of Ms. McCreesh's complaint yet none of the essential facts concerning them are detailed in this record. Until these facts are fully presented, it is impossible to properly judge plaintiff's claim of discrimination and categorical dismissal is improper. Furthermore, Ms. McCreesh's complaint alleges discrimination throughout the period of April 11, 1972 to November 19, 1972. The record, however, does not indicate that any investigation was conducted into the reasons for Ms. McCreesh's promotion delay or related promotion actions after June 30, 1972.[5] It is also interesting to note that Mr. Ernest Kassner, supervisor of Ms. McCreesh, stated in his affidavit that "as soon as the freeze on promotions was terminated (30 June 1972), I initiated a memorandum strongly recommending Karen McCreesh for promotion to Personnel Staffing Specialist GS–11." The record does not indicate what action, if any, was taken on this recommendation or why Ms. McCreesh's promotion was thereafter delayed until November 19, 1972.

■ This is not, of course, to suggest that Ms. McCreesh did in fact suffer racial and/or sexual discrimination. I simply conclude that the present administrative record is entirely insufficient to sustain a finding of no discrimination and, therefore, summary judgment must be denied.

Although in my discretion, I may properly remand this case to the Navy Department for further investigation, hearing and report, *Handy, supra,* 364 F.Supp. at 679, the more expeditious choice is to retain jurisdiction. The alleged discrimination occurred approximately two years ago and the Navy Shipyard may be unable to effectively revive its investigation due to changes in personnel, etc. Moreover, Ms. McCreesh is no longer employed at the Navy Shipyard which might further impede action by Shipyard officials. I will therefore schedule a hearing for this case at which time testimony may be presented by both parties on the discrimination claims of Ms. McCreesh.

---

5. The EEO investigator's report only concerned activities from April 11, 1972 to June 30, 1972.