Eunice W. **FISHER**

v.

Peter J. **BRENNAN** et al.

Civ. No. 3–74–153.

United States District Court,
E. D. Tennessee, N. D.

Sept. 18, 1974.

Edward Michael Ellis, Child, O'Connor, Ellis & Petty, Knoxville, Tenn., for plaintiff.

Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff is a federal employee in the Bureau of Apprenticeship and Training [hereinafter referred to as "BAT"] of the United States Department of Labor. She has been a secretary-stenographer in the Knoxville, Tennessee office since 1953 when she was employed in grade GS-3. She has been in grade GS-5 since 1965. She can progress no further as a clerical employee with BAT.

Plaintiff filed this action under Title 42 U.S.C. § 2000e-16 seeking review of the final decision of the United States Civil Service Commission Board of Appeals and Review which was made April 2, 1974. Plaintiff seeks review of the finding that she has not been individually discriminated against because of her sex in connection with her non-selection to the position of Apprenticeship and Training Representative [hereinafter referred to as "ATR"]. She also challenges the proposed remedies which were promulgated in connection with a finding that sex discrimination as to women as a class does exist in BAT.

Plaintiff became aware of an opening for an ATR (which is a grade GS-9 position) in the Nashville, Tennessee office of BAT in September, 1972. She promptly applied for the job, and was notified by letter on September 29, 1972 by the Regional Personnel Officer of the Department of Labor that she was not qualified for the position.

After contacting an Equal Employment Opportunity Counsellor in October 1972, plaintiff filed a formal complaint with the Equal Employment Opportunity Commission [hereinafter referred to as "EEOC"] alleging that BAT had discriminated against her because of her sex primarily due to its failure to provide adequate training programs for women in plaintiff's position to enable them to qualify as ATRs. Record, p. 101. After an investigation by the EEOC, Assistant Secretary of Labor, Fred G. Clark, advised plaintiff of the following proposed remedies pursuant to 5 CFR § 713.271(b)(2):[1]

"(1) That you be given priority consideration for the next available Apprenticeship and Training Representative (ATR) Trainee position in BAT and, if not selected, BAT be required to record the reasons for non-selection:

"(2) That BAT initiate procedures through the Civil Service Commission to review the present Single-Agency Qualification Standards, GS-243, for Apprenticeship and Training Representative positions to determine if these standards allow women to compete equally with male applicants; and

"(3) That BAT be instructed to submit an upward mobility program

---

1. 5 CFR § 713.271(b)(2) provides:

"(b) *Remedial action involving an employee.*—When an agency, or the Commission, finds that an employee of the agency was discriminated against and as a result of that discrimination was denied an employment benefit, or an administrative decision adverse to him was made, the agency shall take remedial actions which shall include one or more of the following, but need not be limited to these actions:

"(2) Consideration for promotion to a position for which he is qualified before consideration is given to other candidates when the record shows that discrimination existed at the time selection for promotion was made but it is not clear that except for the discrimination the employee would have been promoted. If the individual is not selected, the agency shall record the reasons for non-selection. This priority consideration shall take precedence over priorities under other regulations in this chapter."

for nonprofessional women in both clerical and nonclerical positions which will provide training opportunities to allow career advancement and development. A copy of the upward mobility program would be submitted to and reviewed by the Department's EEO Office."

Plaintiff subsequently requested a hearing in a letter to Mr. Clark stating "the steps you list as a proposed remedy to my EEO complaint are unacceptable to me." Record, p. 35. She also made allegations to the EEOC that she had been harassed for filing her formal complaint. Record, pp. 33–34. The Director of EEO, Ms. Strode, requested the Civil Service Commission to assign a complaints examiner and notified the Commission of plaintiff's allegations of harassment. Plaintiff was notified by Ms. Strode of these actions. The Commission advised the Department and the plaintiff of the hearing date of June 14, 1973. A postponement was granted by the Complaints Examiner, Mr. William H. Decker, to June 27, 1973.

A lengthy hearing was held on June 27 and July 13, 1973, and on both occasions plaintiff was represented by counsel. The Complaints Examiner found that plaintiff had not met the specialized experience qualifications necessary for promotion.[2]

The evidence adduced at the hearing also indicated that plaintiff was on the Mid-Level Register when she applied for the ATR position and applicants from regions other than the region in which plaintiff was located had been selected from that register of applicants in filling ATR positions. However, the region in which plaintiff worked had never used that register in filling ATR positions, and plaintiff's name was not on the register (referred to as the "ATR register") used in filling the position for which she had applied. The Complaints Examiner found as follows:

" . . . [I]t is agency policy to exhaust the ATR register before asking for a certificate from the Mid-Level register and even then, the specialized experience requirement must be met. It was pointed out that in Region IV there has been no occasion when the ATR register was exhausted and no appointment from the Mid-Level register to ATR has been made.

"The complainant cited no instance where a male employee has been chosen on this basis. Also, the complainant cited no instance in which the specialized experience requirement has been waived for any male applicant for the position since the current qualification standard has been in effect. Based on the foregoing, it is concluded that no more was required of the complainant than is required of male applicants for the position of Apprenticeship and Training Representative. Such being the case, no discrimination is found with respect to the rating of her application . . . ." Record, pp. 28–29.

The Complaints Examiner supported the remedial relief as proposed by Assistant Secretary Clark. On August 30, 1973, the Complaints Examiner transmitted his findings of fact and recommended decision to Mr. Clark.

On October 18, 1973, Assistant Secretary Clark issued the Department's final decision in which he adopted the findings of fact and recommended action of the Complaints Examiner in full. In addition, Mr. Clark included in the remedial relief that "BAT submit periodic reports to the Director of EEO concerning the progress of the review procedures, the first report to be filed within thirty (30) days of the issuance of this final decision."

Plaintiff appealed the Department's final decision to the Civil Service Commission's Board of Appeals and Review on November 7, 1973, pursuant to 5

---

2. "The evidence clearly shows that if the complainant were given liberal credit for her claimed 'on-the-job' experience, she has not performed the full range of duties envisioned in the standard, as quoted earlier [See Record, pp. 26–27]. It is also apparent that she cannot expect to acquire such experience while employed in her present position." Record, p. 28.

CFR § 713.231. On April 2, 1974, the Board of Appeals and Review affirmed the Department's final decision in all aspects, including the determination that the evidence failed to show that plaintiff had been harassed by officials of BAT. Regarding the nature of the remedial relief to be afforded plaintiff under the Department's decision, the Board stated that:

" . . . this corrective action is based on the agency finding that discrimination on the basis of sex exists in BAT, but not on the finding that the standards themselves are discriminatory in nature. The Board concurs with this determination and notes in this connection that at present there is only one female employed as an ATR in BAT and that at present there are no females employed as ATRs in Region IV, nor have there ever been any females employed as ATRs in Region IV. . ." Record, pp. 8–9.

Finally, the Board expressed support "for the four items of relief set forth by the agency as corrective action." Record, p. 9.

Plaintiff filed the present action on May 3, 1974, invoking jurisdiction in this Court under Title 42 U.S.C. § 2000e–16. The complaint was filed against the Secretary of Labor and two employees of the Department of Labor's Bureau of Apprenticeship and Training, who now exercise supervisory authority over plaintiff.

Presently before this Court is defendant's motion to dismiss the complaint under Rule 12(b), F.R.C.P., and in the alternative a motion for summary judgment pursuant to Rule 56, F.R.C.P., based on the pleadings and administrative record before this Court. Plaintiff has replied to both motions.

The Court does not deem it necessary to consider the motion to dismiss, since it has concluded that the case is appropriate for summary judgment disposition.

The First matter which must be considered is the matter of the proper scope of review of the administrative findings in this type of case. Defendant asserts that the scope of review in a case such as this is limited to a review of the administrative record to determine if the plaintiff received procedural due process in the administrative proceedings. Plaintiff, on the other hand, asserts that the Court must go beyond procedural due process and examine the record to see if nondiscrimination is established by the clear weight of the evidence, citing Hackley v. Johnson, 360 F.Supp. 1247 (D.C.D.C.1973).

In Hackley, the Court held that in reviewing cases arising under Title 42 U.S.C. § 2000e–16, the district courts are not required to hold a trial *de novo* and that the proper scope of review is as follows:

"The District Court is required by the Act to examine the administrative record with utmost care. If it determines that in absence of discrimination is affirmatively established by the clear weight of the evidence in the record, no new trial is required. If this exacting standard is not met, the Court shall, in its discretion, as appropriate, remand, take testimony to supplement the administrative record, or grant the plaintiff relief on the administrative record." 360 F.Supp. at 1252.

In reaching, this conclusion in *Hackley,* the Court delved at length into the legislative history and purpose of the Act. This Court is likewise of the opinion that it should not duplicate the efforts of Federal agencies in seeking to resolve questions of discrimination in federal employment. These cases invariably bring into focus fine distinctions between allegations of pure discrimination and an almost innumerable array of regulations pertaining to job qualifications. The Commission's expertise in investigating and remedying such matters it to be given due consideration. Baum v. Zuchert, 342 F.2d 145 (6th Cir. 1965); Elmore v. Hampton, 373 F.Supp. 360 (E.D.Tenn.1973); Johnson v. United States Postal Service, 364 F.Supp. 37

(N.D.Fla.1973); Handy v. Gayler, 364 F.Supp. 676 (D.Md.1973).

The relief which plaintiff seeks from this Court is as follows: (1) that plaintiff be awarded back pay to September 1972 at the rate of an ATR; (2) that the Court order the Department of Labor to employ plaintiff as an ATR with length of service from September 1972; (3) that plaintiff be awarded a punitive sum.

■ There is no question that one of the options available to an agency or the Commission in affording relief to a federal employee is that of awarding back pay and retroactive promotion.[3] However, in the instant case the proposed remedies did not include such relief.[4] It is to be noted that under the regulations there must be a finding that "but for the discrimination the employee would have been promoted . . ." in order for the agency or Commission to award back pay or retroactive promotion under § 713.271(b)(1).

■ The Court has carefully reviewed the record and pleadings and papers filed in this case and concludes that there is substantial evidence in the record to support the administrative finding that plaintiff was not selected to the position of ATR because she failed to meet the specialized experience requirements for the job and not because she was singled out for sex discrimination. The Court considers it significant that plaintiff was on the Mid-Level Register at the time the vacancy occurred and the record indicates that the Commission maintains a separate ATR Register from which ATRs are normally selected. ATRs are not usually selected from the Mid-Level Register unless candidates on the ATR Register are unavailable. Furthermore, candidates who are selected from the Mid-Level Register must still meet the specialized experience requirements. In filling the vacancy in question here the ATR Register was used and plaintiff was not on this Register. The region in which plaintiff works has never used the Mid-Level Register in filling ATR positions.

■ The Court holds that on the basis of substantial evidence in the record to support the finding that plaintiff was not individually discriminated against, the administrative finding should not be disturbed. See Tomlin v. United States Air Force Medical Center, 369 F.Supp. 353, 356 (S.D.Ohio, 1974); Handy v. Gayler, supra, 364 F.Supp. at 679.

■ As to the proposed remedies which plaintiff challenges, the Court is of the opinion that the discretion exercised in affording such remedies was not arbitrary or capricious in any manner; rather the proposed remedies seem to be a logical method for providing for the upward mobility of women in BAT who heretofore and presently may not be qualified for the position of ATR. Priority is to be given this plaintiff for the next ATR Trainee position. In the absence of arbitrariness or capriciousness in the remedial actions taken by an agency or the Commission, the Court should not disturb the discretion exercised in seeking to remedy discrimination in the federal employment system. See Tomlin, supra, 369 F.Supp. at 356.

Accordingly, it is ordered that defendants' motion for summary judgment be, and same hereby is, granted.

3. 5 CFR § 713.271(b)(1) provides that "[w]hen an agency or the Commission, finds that an employee of the agency was discriminated against and as a result of that discrimination was denied an employment benefit . . . the agency shall take remedial actions which shall include one or more of the following . . . (1) Retroactive promotion, with backpay computed in the same manner prescribed by § 550.804 of this chapter, when the record clearly shows that but for the discrimination the employee would have been employed at a higher greade, except that the backpay liability may not accrue from a date earlier than 2 years prior to the date the discrimination complaint was filed, but, in any event, not to exceed the date he would have been promoted. If a finding of discrimination was not based on a complaint, the backpay liability may not accrue from a date earlier than 2 years prior to the date the finding of discrimination was recorded, but, in any event, not to exceed the date he would have been promoted."

4. See n. 1, supra, and accompanying text.