Louise **WARREN**

v.

**VETERANS HOSPITAL.**

Civ. A. No. 73–2865.

United States District Court,
E. D. of Pennsylvania.

Sept. 24, 1974.

**304**

Louise Warren, pro se.

Paul Holl, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

BRODERICK, District Judge

Plaintiff, Louise Warren, a non-lawyer pro-se litigant, filed a complaint under Section 11 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16, alleging that discrimination delayed her from obtaining employment with the Veterans Administration Hospital in Philadelphia, Pennsylvania. Ms. Warren, who is black, is presently employed as a nurse with the Veterans Hospital. She is seeking back pay for the period from September 1972 to February 12, 1973, the time that plaintiff contends her appointment as a nurse was delayed by discrimination based on her race or her color.

Plaintiff originally filed an Equal Employment Complaint with the Veterans Administration Hospital. The matter was fully investigated by the hospital on March 20, 21, 22 and 23 of 1973. On April 2, 1973 the case was reviewed, and on April 3, 1973 the hospital recommended disposition of the complaint with a finding of no discrimination.

Plaintiff then asked for and was afforded a full hearing by an Equal Employment Opportunity Complaints Examiner. The agency adopted the recommendation of the examiner that there was no evidence of racial discrimination against Ms. Warren. Plaintiff appealed the agency decision to the Board of Appeals and Review of the U.S. Civil Service Commission in Washington, D.C. This Board, in an opinion dated October 31, 1973, found that a review of the record disclosed no evidence of racial discrimination. Plaintiff came to this Court on December 19, 1973 pursuant to 42 U.S.C. § 2000e–16(c), which affords a complainant the right to institute a "civil action" in the United States Dis-

trict Court whenever the complainant feels "aggrieved" by the final decision of the Commission.

The government filed a motion for summary judgment contending that, based upon the administrative record, no genuine issue of fact existed. The motion raised the issue of the type of "civil action" plaintiff is to be afforded in the U.S. District Court pursuant to 42 U.S. C. § 2000e–16(c).

Section 2000e–16(c) affords a federal employee the right to institute a civil action in U.S. District Court but does not state whether the District Court must grant a *de novo* trial. See McCreesh v. Berude, Civil Action 73–1098 (E.D.Pa. 1974). The district courts which have faced the issue of whether a *de novo* trial is mandated have reached conflicting results. At least two courts have concluded that Section 2000e–16(c) requires a trial *de novo* in all cases where an aggrieved government employee institutes such a civil action. Henderson v. Defense Contract Administration Services Region, New York, 370 F.Supp. 180 (S.D.N.Y.1973); Thompson v. United States Dept. of Justice, Bureau of Narcotics and Dangerous Drugs, 360 F. Supp. 255 (N.D.Cal.1973). The majority of our U.S. District Courts have, however, reached the conclusion that a trial *de novo* is not mandated in all government employee cases, but that the grant of a *de novo* trial rests in the sound discretion of the trial judge. Hackley v. Johnson, 360 F.Supp. 1247 (D.C.D.C.1973); Johnson v. United States Postal Service, 364 F.Supp. 37 (N.D.Fla.1973); Handy v. Gayler, 364 F.Supp. 676 (D.Md.1973); Tomlin v. United States Air Force Medical Center, 369 F.Supp. 353 (S.D.Ohio 1973); McCreesh v. Berude, C.A. 73–1098 (E.D. Pa.1974).

■ The majority of the cases indicate that the disposition of the matter by the District Court depends upon an individual assessment of the administrative record in each case. Judge Gesell, in *Hackley*, discussed the Congressional intent in enacting Section 2000e–16 and

concluded that it was the intention to retain the Civil Service Commission as the main arm of enforcement and that the U.S. District Court was to exercise a supervisory role over the administrative process. He concluded that the supervisory role for the Court would avoid unnecessary duplicity and would permit the developing expertise of the Civil Service Commission to continue, with the court retaining ultimate discretion to proceed in whatever manner it deemed appropriate.

> The trial *de novo* is not required in all cases. The District Court is required by the Act to examine the administrative record with utmost care. If it determines that an absence of discrimination is affirmatively established by the clear weight of the evidence in the record, no new trial is required. If this exacting standard is not met, the Court shall, in its discretion, as appropriate, remand, take testimony to supplement the administrative record, or grant the plaintiff relief on the administrative record. *Hackley, supra*, 360 F.Supp. at 1252.

Such an approach best effectuates the ends of justice and avoids the unnecessary duplication inherent in a trial *de novo*. We agree with the well-reasoned opinion of our colleague, Judge Van-Artsdalen, in *McCreesh*, that the Court should have the option, after a careful study of the administrative record, to affirm the administrative record, to take additional testimony to supplement the administrative record, to remand for the taking of additional testimony, to grant a trial *de novo*, or to grant relief to the aggrieved government employee on the basis of the administrative record.

■ There is, however, no uniformity as to the standard with which a court should review an administrative record in a government employee discrimination case to determine its proper disposition. Some courts, in reviewing these discrimination cases under the Civil Rights Act of 1972, have applied the standard set forth in the Administrative Procedure Act, 5 U.S.C. § 706, i. e.,

whether the action is supported by substantial evidence, or is arbitrary, capricious, and an abuse of discretion. Tomlin v. United States Air Force Medical Center, 369 F.Supp. 353 (S.D. Ohio 1974); Handy v. Gayler, 364 F. Supp. 676 (D.Md.1973). Other courts, in reviewing these cases, have applied the standard of whether the absence of discrimination is affirmatively established by the clear weight of the evidence. Hackley v. Johnson, 360 F.Supp. 1247 (D.C.D.C.1973). In this case, we have reviewed the record pursuant to the latter standard, which is obviously more favorable to the plaintiff.

■ This Court has carefully reviewed the full transcript of an extensive hearing held by an Equal Employment Opportunity Commission Examiner and the opinion rendered by the U.S. Civil Service Commission Board of Appeals and Review. In addition, this Court held a hearing on May 8, 1974 at which time plaintiff, Ms. Warren, was asked if she wished to present additional evidence. She replied that she did not. She further stated that she had presented all her evidence at her hearing before the Equal Employment Opportunity Examiner.[1] This Court finds that since the plaintiff has no additional evidence to offer and since this record is full and complete, a trial *de novo* is not called for in this case. This Court further finds from a review of the record in this case that an absence of discrimination is affirmatively established by the clear weight of the evidence, and we, therefore, are granting the defendant's motion for summary judgment.

The record in this case shows the facts to be as follows:

In July of 1972 Ms. Warren answered an advertisement in a newspaper soliciting applications for nurses at the Veterans Hospital in Philadelphia. On August 8th she received an application form from the hospital, which she completed and returned to the hospital. She then arranged for a personal interview at the hospital on August 24, 1972, at which time she was instructed to bring with her a copy of her discharge papers from the Army Nurse Corps. During the interview Ms. Warren was informed that a physical examination would be required. She elected to have the physical performed by her own physician, a procedure which was permissible. On August 29, 1972 Ms. Warren returned her physical examination form. The hospital determined that the physical examination form had not been completed in that it did not contain the results of a complete blood count and a cardiogram. She decided to have these tests performed at the V.A. Hospital. On September 20, 1972 the Chief Cardiologist at the hospital gave Ms. Warren a complete blood count and cardiogram. As a result of these tests it was determined that additional tests were necessary. The additional tests were administered on October 3, 1972. On October 17, 1972 Ms. Warren was notified that the hospital was unable to employ her because she did not meet the physical requirements. On January 3, 1973 Ms. Warren took another physical examination at the hospital. She passed this second physical examination, and on January 11, 1973 was notified to report for work on January 21, 1973 and was requested to fill out a Standard Form 85, "Data for Non-Sensitive or Non-Critical Position." Ms.

---

1. The completeness of the record is particularly important to decide what action the court should take in a particular case. For example, the record in *Hackley* contained an extensive transcript of an evidentiary hearing before a Civil Service Commission hearing examiner and no new trial was deemed appropriate. However, in *McCreesh* the record contained only an agency investigation report based on the affidavits of the parties involved. No transcript from a hearing ex-

isted, nor was there evidence that a hearing had been held. The Court denied a government motion for summary judgment, holding that the administrative record was inadequate. See also Johnson v. United States Postal Service, *supra*, where the Court felt the administrative record plus the opportunity afforded the appellant to offer additional evidence was adequate and no *de novo* trial was required.

Warren stated that she was unfamiliar with this form and refused to fill it out. She advised the hospital that she would not report for work on January 21st and explained that in addition to her objection to filling in Form 85 she was not feeling well. Ms. Warren did, however, report for work on February 5, 1973, but again refused to fill out Form 85. She was advised that she would not be permitted to begin work until the form was completed. Ms. Warren finally agreed to fill out Form 85 and reported for duty at the Veterans Administration Hospital on February 12, 1973, where she has been continuously employed to this date.

■■ Plaintiff complained that she was harrassed in her attempts to obtain employment with the Veterans Administration Hospital because of her race and color, in violation of 42 U.S.C. Section 2000e–3(a). Generally, where a person who fits one or more of the statutory categories enumerated in this act has been denied a job, but shows that he or she possesses the qualifications to fill the job and that the position remained open after rejection, a prima facie case of discrimination has been made out and the burden shifts to the employer to establish a substantial relationship between the reasons for denying employment and the requirements of the job. Green v. McDonnell Douglas Corp., 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Bradington v. I.B.M. Corp., 360 F.Supp. 845 (D.Md.1973). Therefore, we have carefully examined the record in this case, and we find that Ms. Warren fits into a statutory category and was for the period in issue rejected. We also find, however, that she did not meet all the qualifications for the opening at the time she was rejected. We further find that the qualifications were applied in a non-discriminatory manner to the plaintiff.

Ms. Warren first complains that upon application for a position at the hospital she was asked to bring in a copy of her discharge from the Army Nurse Corps so that the hospital could verify her service and "that this is not the procedure when you apply for a job." (N.T. p. 4). Ms. Warren had not yet met any person in the hospital and the only method the hospital had of knowing anything about her was through her application form, which she had filed. Plaintiff contends the hospital knew she was black from the nursing school she attended. The record indicates that the request for an applicant's discharge paper is a normal routine procedure designed to determine the grade at which the applicant will be hired. (N.T. p. 43). There is no evidence in this record that the requirement that an applicant who claims discharge from the Army Nurse Corps must present discharge papers when applying for employment at a Veterans Hospital is in any way racially motivated or that such procedure is used to discriminate.

Ms. Warren also contends that the delay in her employment caused by her physical disability was the result of racial discrimination; that the medical requirement that she had to meet was a mere pretext used to discriminate against her. There is no evidence in this record which supports such a claim. Ms. Warren does not allege, nor does it appear in the record, that the required medical examination discriminates against one particular race or color. Furthermore, a medical examination is obviously job related in this case. The record discloses that her own physician failed to complete the medical form as required, and there is no evidence in the record that the medical examination by the physicians at the hospital was in any manner discriminatory. The record is clear that all applicants must be found physically qualified before employment commences (N.T. p. 45; N.T. p. 53). The record discloses that not only did the examining physicians at the hospital find the applicant unqualified but the hospital's Physical Standards Board found that she was physically

unqualified.[2] Ms. Warren reapplied about two months later, was again given a full physical examination,[3] passed the examination, and was immediately offered a position with the hospital which she accepted. She has remained in the employ of the hospital.

Ms. Warren further contends that requiring her to fill out Form 85 was not standard procedure and was required of her because of her race and color. There is no evidence in the record which supports this contention, and the Personnel Officer at the hospital testified that Form 85 must be filled out by all nurses before they are permitted to work at the hospital. (N.T. p. 76). Filling out Form 85 is required for employment, and there is nothing in the record which indicates that Form 85 is discriminatory as to race or color.

The record shows that the normal time required to process a nurse's job application at the Veterans Hospital is from two weeks to two months. (N.T. 43). Ms. Warren did not start work until approximately six months after she applied. The delay from January 11, 1973 until February 12, 1973 was the result of her own refusal to fill out Form 85. The delay from August 29, 1972 to January 3, 1973 was caused by the fact that her own personal physician failed to properly complete the examination form, and by the fact that she had been found physically unqualified. The personnel officer testified that to his knowledge the hospital has not turned down any nurse, except perhaps one, in the four years he has been at the hospital.

The plaintiff in this case had no new evidence to offer at the hearing held by this Court on May 8, 1974. At that hearing Ms. Warren stated that she felt she had said all she wanted to say at her hearing before the Equal Employment Opportunity Complaints Examiner. Having been afforded the opportunity to present additional evidence before this Court, a trial de novo is particularly inappropriate since it would disclose no new relevant material and would duplicate all that has occurred before. Plaintiff has failed to establish a prima facie case by showing she was *qualified* to fill the opening available during the period she alleges that her employment was delayed by discrimination. She has also failed to establish that the qualification requirements were used to discriminate against her. Accordingly, we find that the absence of discrimination is affirmatively established by the clear weight of the evidence in the record.

This opinion is in lieu of findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

Accordingly, the following Order is entered:

### FINAL JUDGMENT

And now, to wit, this 24th day of September 1974, after consideration of the defendant's motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, it is ordered that the motion is granted, and Judgment is hereby entered in favor of defendant, Veterans Hospital, and against plaintiff, Louise Warren.

2. The Physical Standards Board is apparently a standing body at the hospital which, upon request from the examining physician, makes the final determination as to an applicant's physical qualifications for employment. (N.T. 74).

3. The full physical was required because the applicant must have had a physical within 90 days of her employment. (N.T. 45).