Ansel **FICKLIN** and William T. Jefferson

v.

Edmond **SABATINI**, Regional Representative of the Social Security Administration, et al.

Civ. A. No. 73–1464.

United States District Court, E. D. Pennsylvania.

Sept. 27, 1974.

**1148**

J. Anthony Messina, Philadelphia, Pa., for plaintiffs.

Walter S. Batty, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiffs have brought this civil rights action on their own behalf and on behalf of all past, present, and future black employees of the Philadelphia Payment Center of the Social Security Administration to redress alleged racially discriminatory employment practices at the Payment Center.[1] The complaint,

based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16, and the Civil Rights Act of 1866, 42 U.S.C. § 1981, seeks back pay, promotion, and other equitable and injunctive relief. This case is presently before the Court on plaintiffs' motion for designation as a class action pursuant to Fed.R.Civ.P. 23(b)(2).

The motion for class certification raises two critical issues which must be resolved in order for the Court to determine the propriety of this case proceeding as a class action. First, does § 2000e–16(c) of the 1972 Equal Employment Opportunity Act entitle Federal employees to a trial *de novo* in the Federal District Courts following an adverse administrative determination of the employees' discrimination complaint? Second, may Federal employees properly maintain an independent cause of action under 42 U.S.C. § 1981 to challenge alleged racial discrimination in Federal employment? The Court will examine initially the question of the nature of the hearing provided Federal employees by § 2000e–16(c).

Plaintiffs Ficklin and Jefferson contend that the pertinent provisions of the Equal Employment Opportunity Act of 1972 must be construed so as to grant Federal employees the right to a full trial *de novo* of the discrimination claims raised before the employing Federal agency and/or the Civil Service Commission ("Commission").[2] The defendants argue that Federal Court jurisdiction is limited to the traditional review of the administrative record; hence, only those employees who have exhausted the avail-

1. Plaintiff Ansel Ficklin is a former employee of the Payment Center. Ficklin's employment at the Payment Center was terminated on April 14, 1972. William Jefferson is presently employed at the Philadelphia Payment Center in the capacity of Reconsideration Reviewer, Grade GS–11.

2. In order to challenge alleged racial discrimination in the Federal employment sector, the aggrieved employee must first register a complaint with the employing agency. With-

in 30 calendar days of the receipt of notice of final action taken by the agency on the complaint, or within 180 calendar days from the date of filing if there has been no agency decision, the employee may elect to file a complaint in a United States District Court or to appeal the Federal agency decision to the Civil Service Commission. Tomlin v. U. S. Air Force Medical Center, 369 F.Supp. 353 (S.D.Ohio 1974); 42 U.S.C. § 2000e–16(c); 5 CFR § 713.221(d) and § 713.281.

able administrative remedies may properly be before this Court. The question of *de novo* review must be resolved in the context of the class action motion for, if the jurisdiction of the Federal Courts is limited to review of the administrative record, only those employees who have fully exhausted their administrative remedies may maintain a cause of action in this Court.

Section 2000e–16(c) provides in relevant part:

"(c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit . . . or by the Civil Service Commission upon an appeal from a decision or order of such department . . . an employee . . ., if aggrieved by the final disposition of his complaint . . . may file a civil action as provided in section 2000e–5 of [the Act], in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."

The resolution of the issue of whether Federal employees are entitled to a trial *de novo* or a review of the administrative record rests on the interpretation of the phrase "civil action" within the meaning of the 1972 Act.

The language of the statute provides no clear guidance with respect to the standard of review contemplated by Congress. Hackley v. Johnson, 360 F.Supp. 1247, 1250 (D.D.C.1973). Further, an analysis of the relevant case law reveals an irreconcilable conflict among the lower Federal Courts as to the construction to be given the statutory language in question here.[3] While diversity of opinion does exist regarding the scope of review available to Federal employees challenging alleged discrimination in employment, this Court is convinced that the better reasoned and more sensible view is that taken in Hackley v. Johnson, *supra,* and those cases decided under the rationale and analysis of the above decision.[4]

In *Hackley,* two civilian employees of the Department of the Army brought an action claiming discrimination on the basis of race in connection with the employment opportunities afforded them by the Federal Government. Prior to the initiation of suit in the Federal Court, each plaintiff had unsuccessfully pursued his administrative remedies before the employing agency and the Commission. Dissatisfied with the outcome of the administrative hearings, the two employees sought a new trial in the District Court invoking 42 U.S.C. § 2000e–16(c) as the jurisdictional basis. Following a careful review of the legislative history and a detailed analysis of what it considered to be the intent of Congress, the court therein held that the 1972 Act does not require a trial *de novo* in all cases. 360 F.Supp. at p. 1252. Several factors were cited in the opinion as support for the holding that Federal employees are not entitled to a *de novo* trial in all instances. Principally, the court relied on the clear Congressional intent to place primary responsibility for the enforcement of employment rights within the Commission, as reflected in the enactment of new regulations, the strengthening of the Commission's enforcement machinery and the development of procedures and programs whereby complaints of discrimination would be expeditiously and impartially resolved by the employing agency and the Commission. 360 F.Supp. at p. 1251. In addition to the expanded role of the Commission, the need for prompt and consistent decisions in discrimination matters, and a common sense interest in the avoidance of duplication of effort provided further support for the court's decision.

3. To this Court's knowledge, no appellate court has dealt with the issue presently under consideration.

4. Pointer v. Sampson, 62 F.R.D. 689 (D.D.C. 1974); Spencer v. Schlesinger, 374 F.Supp. 840 (D.D.C.1974); Tomlin v. Air Force Medical Center, 369 F.Supp. 353 (S.D.Ohio 1974); Handy v. Gayler, 364 F.Supp. 676 (D.Md.1973).

There is no question that Congress intended to guarantee aggrieved employees access to Federal Courts in order to challenge alleged employment discrimination by a Federal agency. However, to grant all Federal employees who are dissatisfied with the results of administrative hearings the automatic right to a trial *de novo* would, in this Court's estimation, completely subvert the intent of Congress and the programs established to eliminate racial discrimination in Federal employment.

The language of § 2000e–16(c) clearly reveals the legislative intent to invest in the Federal agencies and the Commission primary responsibility for the resolution of employee discrimination complaints. The Commission was given the authority to enforce the statute's proscription of discrimination in Federal employment. Remedial devices such as back pay and reinstatement were authorized as a means to effectuate the policies of the Act. The Commission was directed to issue such rules and regulations as it deems necessary to carry out its responsibilities under the Act.[5]

Pursuant to the statutory provision empowering the Commission to issue appropriate rules and instructions, the Commission promulgated a series of comprehensive regulations found at 5 C.F.R. § 713 (1973). These regulations require the employing agencies to develop affirmative plans to promote equal opportunity, to establish clear-cut procedures for the receipt and resolution of discrimination complaints, and to reexamine the testing and qualification procedures. See, 5 C.F.R. §§ 713.201–713.283.

Furthermore, a trial *de novo* in all cases would be entirely inconsistent with Congress' desire for prompt and consistent decisions in matters concerning employment discrimination. Handy v. Gayler, 364 F.Supp. 676 (D.Md.1973). A wholly new trial would perforce require a considerable duplication of effort and expense. The traditional review of an administrative record will obviate a duplication of evidence while at the same time insuring judicial scrutiny of the administrative processes. In order to achieve expedient and consistent determination of employee complaints, Congress permitted dissatisfied employees to appeal from an adverse decision of the agency to either the Commission or the Federal Courts. The end result of *de novo* trials would not be the expeditious and consistent disposition of employee discrimination claims. Rather, the use of full-scale discovery and the development of a record would unavoidably result in delay and conflicting decisions.

An additional factor considered by this Court in deciding that Federal employees are not entitled to *de novo* trials is the distinction between private and Federal employees with respect to the means by which discrimination in employment may be challenged. Federal employees may pursue claims of discrimination before the employing agency and then the Commission in an adversary context and in accordance with clearly defined standards and procedures. The Commission has full powers of reinstatement and the authority to grant back pay. Pointer v. Sampson, 62 F.R.D. 689 (D.D.C.1974). While employees in the private sector may file discrimination complaints with the Equal Employment Opportunity Commission ("EEOC") and are entitled to an evidentiary hearing, the EEOC does not have the authority to grant back pay or to reinstate employees who have been removed. Pointer v. Sampson, *supra* at p. 694.

As previously discussed, Federal employees are entitled to administrative hearings on both the agency and Commission level. When a complaint alleging discrimination in Federal employment is filed in Federal Court, extensive findings of fact and a formal record have already been compiled. However, in the private employment area, courts do not have the benefit of such a detailed evidentiary background. Thus, the need for a more complete hearing in

---

5. 42 U.S.C. § 2000e–16(c).

connection with the discrimination claims of private employees is readily apparent.

The Court believes that the phrase "civil action" as used in § 2000e–16(c) should not be construed so as to grant Federal employees the right to a trial *de novo*. A new and independent cause of action in the District Courts would seriously undermine, if not completely nullify, the administrative procedures established by Congress to eliminate employment discrimination in the Federal sector as promptly and as expeditiously as reasonably possible. Federal employees and the agencies involved would have no incentive to resolve complaints of discrimination on the administrative level knowing that a full trial of the same issues was yet to be conducted in the Federal Courts. As the Court in Pointer v. Sampson, *supra,* so aptly pointed out:

> ". . . It is difficult to accept the allegation that Congress provided the Civil Service Commission with such an assemblage of powers for remedying discrimination, intending that such powers lie fallow while the employees request courts to fashion their own uncoordinated remedies without the benefit of agency proceedings." 62 F.R.D. at p. 694.

There has been no showing that the procedures and programs designed by the Commission are ineffective or inadequate as a means to eradicate whatever discrimination exists in Federal employment. Absent a strong indication that the administrative system is generally ineffective or that a particular employee or group of employees have not received a full and fair hearing in accordance with the duly-promulgated regulations, a *de novo* trial is not required.

The jurisdiction of this Court is limited to the traditional review of the employee's administrative record. Only those Federal employees who have ex-hausted the available administrative remedies and have compiled an administrative record may properly appear before this Court pursuant to 42 U.S.C. § 2000e–16(c). Plaintiffs' motion for designation as a class action will, therefore, be denied.

Section 2000e–16(c) provides essentially that an aggrieved employee may file a civil action within 30 days of receipt of notice of final action taken on a discrimination complaint or after 180 days from the date of filing if no action has been taken on the complaint. An examination of the present record reveals that plaintiff Jefferson has no cause of action under the above statute. There is no allegation that Jefferson received notice of final agency action prior to filing the complaint or that 180 days have elapsed without a final agency decision having been made on a charge of discrimination. The defendants' motion to dismiss the claim of Jefferson under 42 U.S.C. § 2000e–16 will be granted.[6]

We now turn our attention to the issue of whether Federal employees may maintain an independent cause of action under 42 U.S.C. § 1981 to challenge alleged racial discrimination in Federal employment. Plaintiffs contend that the Equal Employment Opportunity Act of 1972, which gave Federal employees the right to bring a civil action in the District Courts, did not remove or limit the rights of Federal employees to maintain a cause of action under § 1981. The defendants concede that the 1972 Act does not either directly or implicitly repeal § 1981. However, the defendants assert that plaintiffs' claims for relief under § 1981 are barred by the defense of sovereign immunity and by the plaintiffs' failure to exhaust available administrative remedies.

■■ Upon consideration of the relevant case law and the legal memoranda submitted by the parties, the Court is

---

6. The Court's conclusion that Jefferson has no cause of action under the 1972 Act finds support in plaintiffs' direct admission that only plaintiff Ficklin has stated a cause of action under 42 U.S.C. § 2000e–16. See, "Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss."

convinced that § 1981 is applicable to racial discrimination in Federal employment. See, District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed. 2d 613 (1973); Jones v. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Young v. International Telephone & Telegraph Co., 438 F.2d 757 (3rd Cir. 1971). The Court is further convinced that, in order for a Federal employee to maintain a valid cause of action under § 1981, all available administrative remedies must first be exhausted. An independent cause of action challenging alleged racial discrimination in Federal employment may properly be brought under § 1981 only after the administrative remedies established by 42 U.S.C. § 2000e–16 and the Commission's regulations promulgated thereunder have been sufficiently exhausted. Penn v. Laird, 497 F.2d 970 (5th Cir. 1974). To conclude otherwise would effectively undermine both the expressed intent of Congress in enacting § 2000e–16 and the efforts of the Commission, in conjunction with the Federal agencies, to promptly and consistently resolve complaints of discrimination in Federal employment.

Relying on Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967) and Kurylas v. Dept. of Agriculture, 373 F.Supp. 1072 (D.D.C.1974), plaintiffs submit that it is not necessary for an employee to exhaust his Federal administrative remedies to bring a cause of action under § 1981. We believe *Damico* to be factually distinguishable from the case at bar. The plaintiffs therein were welfare claimants under the California Welfare and Institutions Code who sought a judgment declaring the welfare statutes unconstitutional. The action was brought under 42 U.S.C. § 1983, and involved the failure to exhaust state administrative remedies. The facts and holding of the *Damico* case simply do not support the theory that exhaustion is not required in a Federal employment discrimination suit.

With respect to Kurylas v. Dept. of Agriculture, *supra,* we disagree with that court's statement that the principle of exhaustion does not foreclose a § 1981 action. Aside from our disagreement with the court's conclusion, the statement may reasonably be considered *dictum,* particularly in light of the court's dismissal of the § 1981 claim for failure to state a claim upon which relief can be granted.

In Penn v. Schlesinger, 490 F.2d 700 (5th Cir. 1974), several black employees of the Department of Defense instituted a class action against the individuals heading seventeen Federal agencies located in Alabama. The action was based on 42 U.S.C. § 1981. On appeal from the District Court's dismissal of the case, the court held that exhaustion was not required due to the failure of the agency officials to properly notify the employees of their right to file a complaint with the EEOC. On rehearing, the court *en banc* concluded that the claims of the individual plaintiffs must be dismissed for failure to exhaust administrative remedies. Penn v. Laird, *supra.*

The Court concludes that Federal employees must exhaust available administrative remedies in order to properly maintain an independent cause of action under § 1981. In that only those employees who have sufficiently exhausted their administrative remedies may appear before this Court, plaintiffs' motion for class action with respect to the § 1981 claim will also be denied.

Defendants' motion to dismiss the § 1981 claim of plaintiff Jefferson will be granted.

To the extent that the Court's previous Memorandum and Order in this case is inconsistent with the instant Memorandum and Order, it is vacated.