**Jennie F. FUQUA, Plaintiff,**

v.

**Lieutenant General Wallace H. ROBIN-SON, Jr., U.S.M.C., Head, Defense Supply Agency, Department of Defense, U. S. Government, Defendant.**

Civ. A. No. 74–232.

United States District Court,
D. New Jersey.

Feb. 4, 1975.

Clarke & Pascoe, by Robert A. Durand, Haddonfield, N. J., for plaintiff.

Jonathan L. Goldstein, U. S. Atty., by William D. Lavery, Jr., Asst. U. S. Atty., Newark, N. J., for defendant.

**OPINION**

COHEN, Senior District Judge:

Plaintiff, Jennie F. Fuqua, a former employee of the Defense Supply Agency, Department of Defense, brought this action alleging that defendant committed acts of discrimination based on sex. The cause of action is alleged to arise under 5 U.S.C. § 7151, 42 U.S.C. § 2000e–16(a), and 42 U.S.C. § 2000e–16(c). This court's jurisdiction is involved pursuant to 42 U.S.C. §§ 2000e–5(f)(3), 2000e–16(c). The United States Attorney has moved to dismiss the complaint on the grounds that this court lacks subject matter jurisdiction, and that the complaint fails to state a claim upon which relief can be granted.

The alleged acts of discrimination occurred during the period from December, 1970 to May 3, 1971, at which time plaintiff transferred to the Department of Health, Education, and Welfare. On March 28, 1972 Mrs. Fuqua filed a formal complaint with the Defense Supply Agency in which she alleged the discrimination which is the subject of this suit. An Agency decision of no discrimination was rendered on August 28, 1972. An appeal was then filed with the Board of Appeals and Review, Civil Service Commission. The Board of Appeals and Review remanded the record to the Agency and by an Agency decision rendered on October 4, 1973 no discrimination was found. No further administrative appeal was taken, and on February 19, 1974 plaintiff filed a civil action in this court.

At the outset, it must be decided whether, in fact, jurisdiction exists to entertain the claim. Plaintiff alleges that jurisdiction is conferred on this court by 42 U.S.C. §§ 2000e–5(f)(3), 2000e–16(c). § 2000e–16(c) provides:

(c) *Within thirty days* of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478

or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, *may* file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency or unit, as appropriate, shall be the defendant. (emphasis added).

§ 2000e–5(f)(3) merely gives District Courts jurisdiction over matters brought pursuant to § 2000e. The Government contends that since plaintiff filed this complaint in excess of thirty days from the time the Agency rendered its final decision, jurisdiction will not lie under § 2000e–16(c).

While there are no cases which deal explicitly with the thirty day requirement of § 2000e–16(c), similar filing requirements have been interpreted to be mandatory, as well as jurisdictional.

While uncertainties and ambiguities may exist in regard to other time limitations in the Civil Rights Act of 1964, there appears no such uncertainty or ambiguity with regard to the 30 day limitation here involved. The statute clearly provides that " * * * a civil action may, within thirty days thereafter, be brought * * *" The permissive verb "may" refers to the option of the aggrieved party to bring a lawsuit, not to a discretion in the Court to receive the case following the expiration of 30 days. . . .

As regards judicial extension of the limitation to further the remedial purpose of the legislation, it is sufficient to cite the following language from the United States Supreme Court case of *Kavanagh v. Noble,* 332 U.S. 535, 68 S.Ct. 235, 92 L.Ed. 150 (1947), where . . . the Court had this to say: "Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. Remedies for resulting inequities are to be provided by Congress, not the courts." (Citation omitted). . . . Compliance with the statutory requirements is a prerequisite to the institution of a civil action based on the statute." *Goodman v. City Products Corp.,* 425 F.2d 702, 703–04 (6th Cir. 1970).

*See Genovese v. Shell Oil Co.,* 488 F.2d 84 (5th Cir. 1973); *Harris v. National Tea Co.,* 454 F.2d 307 (7th Cir. 1971). *See also Kurylas v. Department of Agriculture,* 7 F.E.P. 207 (D.D.C. February 7, 1974); *Johnson v. United States Postal Service,* 364 F.Supp. 37 (N.D. Fla.1973).

It is plaintiff's contention that the statute which was construed in *Goodman,* i. e. what was then 42 U.S.C. § 2000e–5(e), is no longer part of this statute in its amended form, now codified at 42 U.S.C. § 2000e–5(f)(1) and, therefore, *Goodman* is no longer applicable. Plaintiff refers to no legislative history which would support such a conclusion. The amended version of the statute did not impair or overrule the general canons of statutory construction represented by *Goodman.* This Court holds, therefore, that the thirty day requirement of § 2000e–16(c) is a jurisdictional prerequisite to the filing of suit in this court. Having concluded that subject matter jurisdiction is lacking, the question of whether the complaint states a cause of action upon which relief can be granted need not be decided. The Government's motion to dismiss for lack of subject matter jurisdiction is granted.