Robert L. ALLEN, Individually and on behalf of all others similarly situated,

v.

Earl BUTZ, Individually and as Secretary of the Department of Agriculture, et al.

Civ. A. No. 73-1124.

United States District Court, E. D. Pennsylvania.

Feb. 27, 1975.

Shelly Stark, Public Interest Law Center of Phila., Philadelphia, Pa., for plaintiff.

Joseph B. Meranze, Philadelphia, Pa., for Union.

James Sommar, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

### I

This is an action commenced by a former federal employee, who alleges that he has been subjected to racial discrimination in employment, seeking an injunction against future discrimination, promotion, back pay, and attorneys fees.

This action is based on rights under (1) the Fifth Amendment, (2) The Executive Orders promulgated thereunder; (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended March 24, 1972 by the Equal Employment Opportunity Act of 1972; and (4) section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. Jurisdiction is asserted under 28 U.S.C. § 1343(4); 42 U.S.C. §§ 2000e–16(c) and 2000e–5(f)(3); 28 U.S.C. §§ 2201 and 2202; 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1361.

The complaint was filed as a class action under F.R.Civ.P. 23(b)(2) but determination of the action as a class action has been postponed, by agreement of the parties, until after disposition of the present motions.

The complaint is in two counts. The first count is directed against the named government officials of the Department of Agriculture. The second count is directed against the American Federation of Government Employees, which is a federal union of government employees.

Presently before the Court are motions, by both the union and government defendants, to dismiss the complaint and/or for summary judgment. We deny the union's motion to dismiss but grant its motion for summary judgment; we grant the motion of the government defendants to dismiss. In addition, we dismiss the complaint as a class action.

## II

The count against the government officials contains an allegation that plaintiff did not receive appropriate pay from 1961 to the time of the filing of the complaint. It is alleged that from 1968 through 1970, plaintiff was subjected to various discriminatory practices including inadequate supervision of his work. It is further alleged that there was a failure to promote plaintiff from May of 1971 through January of 1972. All of these actions are alleged to have been taken on account of plaintiff's race. However, there is no allegation that plaintiff is a present employee nor is there any allegation of a discriminatory discharge. Indeed, it is uncontroverted that plaintiff was discharged on May 9, 1972, which discharge was made retroactive to the effective date of April 14, 1972.

Plaintiff has not exhausted his administrative remedies with respect to any of the claims he presents to this Court. Nevertheless, plaintiff alleges, with some specificity, that his attempts to exhaust his administrative remedies were frustrated by agency personnel; he also claims that administrative remedies are inadequate and/or ineffective.

■ There are numerous complex and unresolved legal issues in this area of the law involving federal employment, which bear upon plaintiff's complaint. Such questions, for example are whether a private cause of action can be predicated upon the relevant Executive Orders and whether the Executive Orders and/or 42 U.S.C. § 1981 are waivers of sovereign immunity. Moreover, if we had to reach the issue, we would have to consider certain serious flaws in plaintiff's complaint. For example, plaintiff's complaint for injunctive and promotional relief fails to state a claim upon which relief can be granted since plaintiff is not a federal employee and there is no allegation that his discharge was discriminatory nor is there a request for reinstatement. However, we shall not deal with these potential issues but rather dismiss Count

I, as time barred; a defect which cannot be obviated by amendment of the complaint.

The plaintiff bases his right of action against the government defendants upon the Fifth Amendment, certain Executive Orders, 42 U.S.C. § 1981 and section 11 of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16.

■ Exhaustion of administrative remedies is, of course, an explicit requirement for suit under 42 U.S.C. § 2000e–16. The courts have always required exhaustion of available administrative remedies for action such as these against the federal government. See, Beale v. Blount, 461 F.2d 1133 (5th Cir. 1972); Rosenman v. Levbarg, 435 F.2d 1286 (3d Cir. 1969); Baca v. Butz, 376 F.Supp. 1005 (D.N.M.1974); Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C. 1973). The Civil Service Commission, for years, has had regulations and procedures similar to those existing now for the processing of such complaints. In light of the above and the purposes of the exhaustion doctrine, we conclude that exhaustion of available administrative remedies is generally required for suit, against the federal government, under 42 U.S.C. § 1981, the Executive Orders, and the Fifth Amendment. *Compare*, Penn v. Schlesinger, 490 F.2d 700 (5th Cir. 1973), rev'd en banc, 497 F.2d 970 (5th Cir. 1974); Ficklin v. Sabatini, 383 F.Supp. 1147 (E.D.Pa. 1974); *Contra*, Kurylas v. U. S. Department of Agriculture, 373 F.Supp. 1072 (D.D.C.1974). We are aware, as noted by the plaintiff, that exhaustion is generally not a requirement for suit under 42 U.S.C. § 1981; however, the development of the law in the area of federal employment has been different for a variety of reasons.

■ Of course, the exhaustion requirement we find for 42 U.S.C. § 1981, the Fifth Amendment, and the Executive Orders is subject to appropriate exceptions. Moreover, although the exhaustion requirement of the Equal Employment Opportunity Act of 1972 is

mandatory on its face, we have no doubt that it is an appropriate interpretation of that statute to excuse the requirement or deem it satisfied in certain circumstances, even though administrative proceedings have not been completed in fact. The legislative history of the statute is particularly enlightening in this regard. *See, e. g.*, S.Rep. No. 92–415, 92nd Cong. 1st Sess. 12–16 (1971). Consequently, we assume for the purposes of this decision, that, if plaintiff could prove the relevant allegations set forth in his complaint, he would be entitled to relief from the exhaustion requirement, and that 42 U.S.C. § 2000e–16 would be applicable to at least certain of plaintiff's claims on the theory that a charge was constructively pending administratively on May 9, 1972. *See*, Section 14 of the Equal Employment Opportunity Act of 1972, Pub.L. 92–261.

Notwithstanding our adoption of this theory, i. e., that a charge was constructively pending administratively on May 9, 1972, we are constrained to dismiss this action. Plaintiff was discharged on May 9, 1972. This discharge, on the facts of this case, provided plaintiff with notice of final agency action on any and all of his charges. This lawsuit was not filed until May 31, 1973; more than one year after plaintiff's discharge.

■ 42 U.S.C. § 2000e–16 provides that a civil action must be brought within thirty (30) days of receipt of notice of final agency action. Of course, that provision literally applies only when administrative procedures have been pursued and exhausted. However, in order to adhere to the legislative intent, we believe it appropriate to borrow that provision as a guide to the timeliness of a federal employee's action in a situation such as this where the exhaustion requirement is excused.

■ Moreover, we believe that a similar standard of timeliness should be applied when an action against the United States is based on 42 U.S.C. § 1981, the Fifth Amendment, and the Executive Orders. Traditionally, in the area of federal employment, the defense of laches has been applied to the demands for back pay and for restoration of a position based on an unlawful personnel action. Gersten v. United States, 364 F. 2d 850, 176 Ct.Cl. 633 (1966). In this context, the prejudice to the government due to delay in the institution of suit is patent. Coughlin v. Ryder, 260 F. Supp. 256, 259 (E.D.Pa.1966). Moreover, there is no apparent explanation for the delay in institution of this action. Nevertheless, we do not rely on this traditional approach. As of March 24, 1972, when the Equal Employment Opportunity Act of 1972 became effective, and so at a time relevant to this action, there existed a comparable federal statute of limitations which should be applied to plaintiff's action based on 42 U.S.C. § 1981, the Fifth Amendment, and the Executive Orders. *Cf.* McAllister v. Magnolia Petroleum Company, 357 U.S. 221, 229, 78 S.Ct. 1201, 1206, 2 L.Ed.2d 1272 (1958) (Brennan, J., concurring). Consequently, we conclude that a standard of timeliness, identical to that employed in actions under 42 U.S.C. § 2000e–16, should be applied to actions under 42 U.S.C. § 1981, the Fifth Amendment, and the Executive Orders.

■ Of course, this standard of timeliness should not be applied mechanically, in a situation where exhaustion has been excused, for the circumstances may be materially different from those present when administrative procedures have been exhausted; for example, there may not be clear notice of final agency action. However, this borrowed standard of timeliness should be applied in light of the facts of each case. Notice to the plaintiff in this case was plain and clear so that this action, commenced more than one year after notice of his discharge, must be dismissed.

### III

The count against the union alleges that the union refused to represent plaintiff in his grievance in the month of April 1972. Although the complaint does not specify the nature or context of this

grievance, it is clear from the administrative record, that this grievance refers to the charges from which his suspension flowed. The suspension was followed by plaintiff's discharge when he did not return to work.

We deny the union's motion to dismiss. Contrary to the union's argument, we hold that the complaint adequately charges that the alleged refusal to represent was the result of racial discrimination. Such an allegation clearly states a cause of action under 42 U.S.C. § 1981 and the jurisdiction of this court is provided by 28 U.S.C. § 1343(4).

Generally, a plaintiff need not exhaust administrative remedies before instituting suit, against a labor organization, under 42 U.S.C. § 1981. However, the union contends that, in the federal sector, plaintiff should exhaust the remedies available under Executive Order 11491 prior to the institution of suit against the union. We need not consider the general appropriateness of such a requirement; for, even assuming it is appropriate, it is not applicable here because the Executive Order does not provide a remedial process for the precise complaint of plaintiff.

The remedy provided by Executive Order 11491 is that an employee may file a complaint of an unfair labor practice with the Secretary of Labor. Discrimination by a labor organization, on the basis of race, with regard to the terms or conditions of membership in the labor organization is an unfair labor practice. However, plaintiff has not alleged membership in the union and he is apparently not a member. We can find no other section which might be applicable and the union has cited none. Consequently, we could not dismiss plaintiff's complaint for lack of exhaustion in this case, even assuming such a requirement should be generally applicable in this area.

However, the union is entitled to summary judgment. The affidavits presented by the union in support of its motion for summary judgment establish a key undisputed fact which entitles the union to summary judgment, i. e., that the plaintiff *refused* to sign a form providing the local union with the necessary authorization to completely process the grievance of the plaintiff concerning his suspension. Failure to represent is the entire cause of action against the union set out in the complaint, therefore on the basis of the undisputed fact that plaintiff refused to authorize the union's representation, we grant summary judgment in favor of the defendant union and against the plaintiff.

## IV

One other matter remains. Plaintiff has filed his complaint as a class action although a motion for class action certification has not been filed. On our own motion, we deny certification and dismiss the complaint as a class action without prejudice to a motion for reconsideration, of our decision on the class action, within twenty (20) days of the date of this order. We do so because we are convinced by the history of this litigation to date that plaintiff is not an adequate representative of the class. The disposition of the present motions has been marked by delay occasioned principally by the changes in counsel representing the plaintiff. The instability of plaintiff's relationship to counsel, which appears to be a continuing problem, for whatever reason, renders impossible a finding that plaintiff could adequately represent a class.

Accordingly, the following order is entered.

## ORDER

And now, this 27th day of February, 1975, it is ordered that:

(1) The motion of Earl Butz and I. A. Wolfe to dismiss count 1 of the complaint and/or for summary judgment is granted, and this action against Earl Butz and I. A. Wolfe is dismissed;

(2) The motion of the American Federation of Government Employees to dismiss count 2 of the complaint is denied;

(3) The motion of the American Federation of Government Employees for summary judgment is granted and summary judgment is entered for The American Federation of Government Employees and against the plaintiff; and

(4) This complaint, as a class action, is dismissed without prejudice to plaintiff's motion for reconsideration, limited to our decision on the class action, within twenty (20) days of the date of this Order.