**Joseph J. CHICKILLO**

v.

**The COMMANDING OFFICER, NAVAL AIR ENGINEERING CENTER (NAEC).**

**Civ. A. No. 75–68.**

United States District Court, E. D. Pennsylvania.

Jan. 28, 1976.

John J. D'Angelo, Philadelphia, Pa., for plaintiff.

Robert E. J. Curran, U. S. Atty., Robert S. Forster, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This is a civil rights action alleging job discrimination by the Federal Government. Presently before the Court is the Government's motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Plaintiff is a federal career employee currently employed at the Naval Air Engineering Center ("NAEC") in Philadelphia, Pennsylvania. He contends that, in July of 1972, he was denied a promotion to a GS–11 Supervisory Engineering Technician position due to his being an Italian-American. Shortly thereafter, plaintiff filed a complaint with the Equal Employment Opportunity Office. He then properly pressed his claim through the administrative process. This ultimately resulted in an adverse decision by the Board of Appeals and Review of the United States Civil Service Commission ("Board") on June 25, 1974. The Board notified the plaintiff of its decision and advised him that he could appeal to an appropriate federal district court within thirty (30) days of his receipt of the decision.[1] Plaintiff then filed this action in the Eastern District of Pennsylvania pursuant to § 717(c) of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(c), amend-

---

1. The decision stated in pertinent part that:

    Accordingly, the Board of Appeals and Review hereby affirms the decision issued on January 17, 1974, by the agency in this case. Civil Service regulations provide that the decision of the Board is final and that there is no further right of administrative appeal.

    However, if the complainant is not satisfied with this decision, he is entitled, under section 717(c) of the Civil Rights Act of 1964, as amended on March 24, 1972, to file a civil action in an appropriate U. S. District Court within thirty (30) calendar days of his receipt of this decision.

ing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* on January 9, 1975, almost seven months after his receipt of the Board's decision.

The Government contends that this Court lacks subject matter jurisdiction over the complaint because the terms of 42 U.S.C. § 2000e–16(c) require that a civil action be brought within thirty (30) days of receipt of final agency action.[2] Other courts faced with this issue have held that the filing of a judicial complaint within the 30-day time period is a jurisdictional prerequisite and that a failure to comply with that prerequisite requires a dismissal of the complaint. *See Brown v. General Services Administration,* 507 F.2d 1300, 1306–1307 (2d Cir. 1974), *cert. granted,* 421 U.S. 987, 95 S.Ct. 1989, 44 L.Ed.2d 476 (1975); *Fuqua v. Robinson,* 398 F.Supp. 681, 682 (D.N.J. 1975); *Allen v. Butz,* 390 F.Supp. 836, 840 (E.D.Pa.1975); *Roney v. Saxbe,* 380 F.Supp. 1191, 1192–1193 (D.D.C.1974). *See generally Ettinger v. Johnson,* 518 F.2d 648, 650 & n. 4 (3d Cir. 1975). Such holdings are consistent with the prerequisites of private Title VII actions. *See Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Plaintiff argues, however, that there was no final agency action which started to run the 30-day time limit because he was "continuously engaged in litigating at the administrative level related aspects of his claim." He alleges that on June 12, 1974, he appealed for review to the Assistant Secretary of Labor and his request was denied on July 8, 1974. On July 31, 1974, he appealed for review to the Federal Labor Relations Council and the request was denied on August 15, 1974. Finally, he requested a reevaluation and review by the United States Civil Service Commission on January 15 and February 20, 1975, which was denied on September 23, 1975.

There are three problems with plaintiff's contention. First, assuming *arguendo* that the September 23 denial constituted the final agency action for purposes of 42 U.S.C. § 2000e–16(c), then plaintiff's complaint which was filed on January 9, 1975, would still have to be dismissed for failure to exhaust administrative remedies, *i. e.,* await final agency action. *See Ettinger v. Johnson, supra.* Second, plaintiff has not cited any regulations which allow him to appeal to the Assistant Secretary of Labor or Federal Labor Relations Council. One cannot effectively frustrate the 30-day time limit by setting forth fictitious avenues of review, the number of which is only limited by the fancy of one's imagination. Third, with respect to plaintiff's request of the Civil Service Commission to reevaluate his case, if this Court were to accept such an argument, it would in effect deny finality to any decision of the Commission. The Fourth Circuit, in *Clark v. Goode,* 499 F.2d 130, 133–134 (4th Cir. 1974), pointed out the absurdity of such a result:

> [A]n aggrieved claimant could revive at any time his claim, however stale, by the simple expedient of filing, as the plaintiff did in this case, a request to reopen. It would not matter that he may already have requested and been denied a reopening. Similarly, it would be of no moment that, after final action by the Commission either on his original claim or on his request

---

**2.** 42 U.S.C. § 2000e–16(c) provides in pertinent part:

> Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color,

religion, sex or national origin, brought pursuant to subsection (a) of this section, . . . an employee . . . if aggrieved by the final disposition of his complaint, . . . may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

to reopen, he had not filed suit within thirty days. That requirement could be frustrated merely by filing a new request to reopen, and when that was denied, suit could be filed. Such a result would thus mock the thirty-day limitation for the institution of the suit, incorporated in the statute, and would do violence to the obvious legislative purpose evident in the statute. *Id.* at 133–134.

We hold that the Board's decision of June 25, 1974, was a final agency action within the meaning of 42 U.S.C. § 2000e–16(c). Since plaintiff did not bring this action within 30 days of the receipt of that decision, the Court lacks subject matter jurisdiction over the complaint and, for that reason, it must be dismissed.

An appropriate Order will be entered.