**Cornelius BROWN, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.**

**Civ. A. No. J85–0564(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 30, 1986.

Nancy J. Beck, Jackson, Miss., for plaintiff.

Jackson H. Ables, III, Daniel, Coker, Horton & Bell, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause came before the court on applications for review filed by defendant, Nationwide Mutual Insurance Company (Nationwide), and attorney for plaintiff, Nancy J. Beck. Both parties object to the order of the United States Magistrate imposing sanctions on Beck pursuant to Federal Rule of Civil Procedure 11. The court considered memoranda of authorities submitted by attorneys for Nationwide and Beck and heard argument.

■ Rule 11 provides in part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other papers; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The rule is intended to "check abuses in the signing of pleadings." This court is, however, cautious in imposing sanctions under the rule lest an attorney's creativity and enthusiasm in pursuing factual or legal theories be chilled. *See* Fed.R.Civ.P. 11 (comment to 1983 amendment).

The magistrate concluded that Beck did not satisfy the rule's mandate of "reasonable inquiry" to ensure that the complaint is well grounded in fact and in law. This court must agree. Plaintiff sought damages against Nationwide for its failure to settle an action brought against the plaintiff. Plaintiff, defended by Nationwide in that action, eventually prevailed. Plaintiff's attorney has identified no case which supports any argument that such circumstances give rise to a meritorious law suit.

■ In imposing sanctions, the magistrate, with no explanation save that he was disposed to do so, reduced the hourly rate of Nationwide's attorneys. According to Nationwide, the magistrate was required to award the total amount of attorney fees as Nationwide's affidavit attesting to such was unrefuted. Nationwide's argument is premised on a misreading of Rule 11. The rule is not a general provision for reimbursement of attorney fees but rather authorization to impose appropriate sanctions "which *may* include ... reasonable expenses incurred ... including a reasonable attorney's fee." Fed.R.Civ.P. 11 (emphasis added). The rule in no way binds the court to impose sanctions in the amount set forth in an unrefuted affidavit. The court is of the opinion that the magistrate's award must be re-evaluated for lack of adequate factual findings, including the unexplained reduction in hourly rate.

■ The rule authorizes imposition of "appropriate" sanctions, giving the court the necessary flexibility to fashion a remedy to satisfy the purpose of the rule. *See* Fed.R.Civ.P. 11 (comment to 1983 amendment). A portion of the penalty, and perhaps the most significant and effective, has already been imposed on attorney Beck in her being subjected to the proceedings inherent in a Rule 11 motion and in the findings of a United States Magistrate and a United States District Judge that her law suit was totally lacking in merit and was indeed frivolous. Nationwide has not identified prior violations of the rule by attorney Beck and the court assumes she does not habitually file frivolous law suits.

Considering that this is Beck's first violation, this court is of the opinion that criticism from the court, which is intended to be constructive, and a payment of $1,000 comprise the appropriate sanction.

It is, therefore, ordered and adjudged that Nancy J. Beck shall pay to defendant through counsel the sum of $1,000.00.

ORDERED AND ADJUDGED this 30th day of January, 1986.