Cornelius BROWN, Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant-Appellee, Cross-Appellant,

v.

Nancy J. BECK, Movant-Appellant, Cross-Appellee.

No. 86–4117

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 15, 1986.

Nancy J. Beck, Jackson, Miss., for Brown.

Jackson Henderson Ables, III, Michele Stapleton, Jackson, Miss., for Nationwide.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH HOLLAN JONES, Circuit Judge:

There being no issue on appeal concerning the merits of this litigation,[1] we are drawn to consider whether the district court abused its discretion in reducing an award of sanctions made by the magistrate against counsel for the plaintiff from approximately $2,900 to $1,000, 634 F.Supp. 72. Although we find no abuse of discretion, we determine to impose sanctions independently based on appellant's frivolous resort to this appeals court.

Plaintiff, through his counsel, the appellant, filed suit for alleged failure of the Nationwide Insurance Company to defend a lawsuit brought by the family of passengers who were driving with plaintiff's son when a fatal accident occurred. Contrary to plaintiff's allegations, however, the insurance company not only defended the lawsuit, but it won on a summary judgment motion. That fact did not deter appellant from pursuing the instant lawsuit for "failure to settle fast enough," claiming $10 million damages, which both the magis-

---

1. The district court's decision on the merits became final in August, 1985 and was not appealed. The issue of sanctions against counsel for appellant is separately appealable.

trate and district court below determined correctly to be meritless and frivolous.

Counsel for plaintiff, given several opportunities to replead or find legal substantiation for her client's claim, wholly failed to do so. At the instigation of Nationwide, the magistrate assessed costs pursuant to Fed.R.Civ.P. 11 in an amount apparently derived from, but substantially less than, defendant's attorney's fees incurred in this litigation. Appellant did not contest Nationwide's motion for sanctions, but merely sought review from the district court. The district court held that the magistrate's assessment lacked factual findings and thereupon vacated that award and reduced the sanction to $1,000. The district court justified this action because it found that counsel's humiliation by a Rule 11 proceeding in what appeared to be a first-time violation, together with a $1,000 sanction, were "appropriate."

■ We are not inclined to disturb the district court's determination of an appropriate sanction in this case. Either Rule 11 or 28 U.S.C. § 1927 (1982) authorizes the award of such sanctions, including reasonable attorney's fees, as the court deems appropriate to the violation before it. See, e.g., *Pin v. Texaco, Inc.*, 793 F.2d 1448, 1455–56 (5th Cir.1986); *Stites v. Internal Revenue Service*, 793 F.2d 618, 621 (5th Cir.1986); *McGoldrick Oil Co. v. Campbell, Athey & Zukowski*, 793 F.2d 649, 653–54 (5th Cir.1986). Indeed, even the appellant does not contest that the district court awarded an *amount* of sanctions within its discretion. To be sure, the award was much less than the fees incurred by Nationwide for its counsel's activities. The subsequent history of this litigation might indicate an excessive optimism on the part of the district court that appellant's unmeritorious use of the court system would not be repeated, but we cannot find an abuse of discretion in the court's revision of the magistrate's award.

Assessing penalties against counsel under any of the enabling rules or statutes is an exercise in tailoring the punishment to fit the crime. The district court should not hesitate to impose sanctions on counsel

where they are warranted, and the amount must be reviewed by an appellate court with considerable circumspection.

■ Had not Nationwide obliged us by filing a motion to award sanctions for the conduct of this appeal, we would have done so *sua sponte*. This Court's authority to prevent abuse of the taxpayer-supported facilities of justice derives from 28 U.S.C. § 1927 and Fed.R.App.P. 38. As in any other case, a party on whom sanctions have been imposed should not be unreasonably deterred from seeking review of the sanctions to prevent an injustice. A finding by the trial court that sanctions were appropriate will not automatically result in the further imposition of sanctions if the appellant is unsuccessful on appeal. Rather, appellate sanctions will be imposed only if the appeal of sanctions is found totally without merit. *United States v. Nesglo, Inc.*, 744 F.2d 887 (1st Cir.1984).

Having said this, we hasten to add that the appellant should be cautious and circumspect in any appeal involving only sanctions. Such an appeal may justify further sanctions if the sanctions imposed are patently within the trial court's range of discretion and no special circumstances exist. We cannot permit the judicial system, already burdened with frivolous litigation, to be burdened with further frivolous proceedings on the issue of sanctions.

■ This case abundantly supports an award of damages to the appellee. The procedural history of this case in the trial court demonstrates numerous opportunities given to appellant to retreat from pursuing baseless litigation. At all stages, appellant declined to do so, and has persisted in appealing to this Court despite an order, reinstating her appeal, which warned that the Court would examine the appeal to determine whether or not it is frivolous. Even though she did not appeal the dismissal of the complaint against Nationwide, appellant persists in contending that she filed a facially valid complaint in the district court, and it was therefore erroneous to impose sanctions. Both the premise and the conclusion of her argument are false.

There is no legal merit to the charge that an insurance company, which represented and defended its insured successfully, nevertheless failed to conclude litigation fast enough for the convenience of the insured. Appellant cites no case from any jurisdiction that suggests to the contrary. An insurance company's delay in resolving a baseless claim against the insured may indeed be painful psychologically, but we find no authority anywhere that suggests such delay breaches a legal duty to the insured. Appellant's counsel should have realized the hopelessness of her case after it was disposed of on the pleadings by the magistrate and district court with the unvarying conclusion that it was meritless.

Appellant's pursuit of this hopeless appeal has been very costly in judicial resources. Equally important, it has required considerable time, effort and expense on the part of appellee, whose counsel thoroughly briefed the issues for this Court. In assessing sanctions, this Court would not intend to inhibit the development of the law by imposing sanctions whenever a position is "merely erroneous" *Stephens v. Portal Boat Co.*, 781 F.2d 481 (5th Cir. 1986). On the other hand, some cases, such as this one, simply waste the courts' and litigants' time and money. Appellant was lucky that the district court reduced the magistrate's award of sanctions, and her appeal of that action compounds the poor exercise of judgment which inspired the frivolous litigation in the first place.

Consequently, in our discretion, we award $3,000 plus double costs against appellant to be added to the judgment of $1,000 below.

The judgment of the district court is therefore AFFIRMED, as hereinabove modified.