**James CHANG, Plaintiff,**

v.

**Edwin MEESE II, Defendant.**

**Civ. No. 87–0007(PG).**

United States District Court,
D. Puerto Rico.

May 13, 1987.

Raúl Barrera Morales, Santurce, P.R., for plaintiff.

Eduardo Font Toro, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is an action which seeks to redress discrimination based on race and national origin. Jurisdiction has been invoked pursuant to 5 U.S.C. § 7703(b)(2); 28 U.S.C. §§ 1331(a), 1343(a); and 42 U.S.C. § 2000e–16(c).

Thru the instant case plaintiff seeks the same redress he sought in a prior case which was dismissed and in which motions under Fed.R.Civ.P. 60(b)(6) were also denied. The prior case, Civil No. 81–1598, was filed on August 21, 1981, and was based on identical grounds as the instant one. In the prior case a motion for voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(1) was submitted to the Court on June 4, 1982. Said stipulation was approved and judgment was entered dismissing the case on June 8, 1982. Subsequently, on April 2, 1984, a motion for relief from judgment under Fed.R.Civ.P. 60(b)(6) was filed. The motion was denied by this Court and the denial affirmed by the Court of Appeals for the First Circuit.

Before us is a motion filed by the federal defendants in March 5, 1987. The motion requests dismissal of the action, imposition of sanctions and an order for the payment of the costs as taxed by the Court of Appeals for the First Circuit in the previous litigation of this action. The motion has remained unopposed. We now turn to the various requests.

### Dismissal of the Claim

In the complaint, plaintiff maintains that the dismissal of the first case being voluntary and without prejudice does not bar the filing of another suit based on the same claim.[1] However, the right of action sought to be enforced herein is one created by statute and the same is limited by the provisions thereof as to the time within which the right must be asserted. *Bomer v. Ribicoff,* 304 F.2d 427, 429 (6th Cir.1962).

The applicable statutes provide:

Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing or the initial charge with the department, agency, or unit or with the Equal Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final dispo-

---

**1.** He relies on *Polaron Products, Inc. v. Lybrand,* 534 F.2d 1012 (2nd Cir.1976); *Pipeliners Local Union v. Ellerd,* 503 F.2d 1193 (10th Cir.1974).

sition of his complaint, or by the failure to take final action on his complaint, may file a civil action provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant. (42 U.S.C. § 2000e–16(c)).

Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standard Act of 1938, as amended 29 U.S.C. 216(b), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702. (5 U.S.C. § 7703(b)(2)).

In accordance with the foregoing provision the time within which to file a petition to review a final order or final decision of the MSPB is 30 days after the date when the final order or decision of the Board is received. *Miller v. Postal Service*, 685 F.2d 148 (5th Cir.1982), *cert. denied*, 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 286 (1983).

■ This is not a case where plaintiff has been actively deceived, misled or left without notice regarding the right to sue within thirty days. *See, Martinez v. Orr*, 738 F.2d 1107 (10th Cir.1984). Therefore, in the absence of such extraordinary circumstances, we conclude that in order to have jurisdiction in the instant case the complaint in the instant action must have been brought within thirty days of the receipt of notice of the final agency action. *Fuqua v. Robinson*, 398 F.Supp. 681 (D.N. Jersey 1975).

■ Contrary to plaintiff's assertion, the pendency of an action involuntarily dismissed without prejudice does not operate to toll the running of the statute of limitations. *Dupree v. Jefferson*, 666 F.2d 606, 611 (D.C.Cir.1981). It is thus clear that a voluntary dismissal without prejudice

leaves the situation as if the action had never been filed. *Lubick v. Travel Services, Inc.*, 573 F.Supp. 904, 907 (D.C.V.I. 1983). The statute of limitations is not tolled by bringing an action that is later voluntarily dismissed. Wright & Miller, *Federal Practice and Procedure:* Civil § 2368, p. 186–187; *Lubic, supra; Haislip v. Riggs*, 534 F.Supp. 95, 98 (W.D.N.C. 1981).

The complaint in this case not having been filed within the required term as provided by statute leaves this Court without jurisdiction, and the instant case should be and is hereby DISMISSED as time barred. *Fuqua v. Robinson, supra; Hofer v. Campbell*, 581 F.2d 975, 977–978 (D.C.Cir. 1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1970); *Chicklillo v. Commanding Officer Naval Air Engineering Center*, 406 F.Supp. 807, 809 (E.D. Pa.1976), *aff'd.*, 547 F.2d 1159 (3rd Cir. 1977).

### *Imposition of Sanctions*

The government has also moved for the imposition of sanctions. Fed.R.Civ.P. 11 permits the imposition of sanctions when an attorney signs a pleading that is interposed for an improper purpose without reasonable inquiry or without grounds justifying the argument advanced.

The text of the rule in pertinent part states:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.... (Fed.R.Civ.P. 11).

■ Thus, Fed.R.Civ.P. 11 by its own terms provides for sanctions when a pleading is signed in violation of the rule. The

clear purpose of the above quoted provision of Rule 11 is to keep frivolous litigation out of federal court. *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253, 257 (4th Cir. 1987). It is undisputed that courts have power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and most importantly, to deter frivolous filings. *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir.1986).

The rule imposes upon an attorney a duty to conduct a pre-filing examination of both the facts and the law prior to instituting legal process. *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir.1987). Rule 11 imposes "a moral obligation upon the attorney to satisfy himself that there are good grounds for the action or defense." Wright & Miller, *Federal Practice and Procedure:* Civil § 1333, at 499. The rule also requires the attorney to conduct himself in a manner consistent with the proper functioning of the judicial system. *Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1131 (5th Cir.1987).

Whenever a document is challenged as violating Fed.R.Civ.P. 11 the Court must consider in its evaluation whether the signing attorney undertook several affirmative duties, to wit: 1) that the attorney has conducted a reasonable inquiry into the facts which support the document; 2) that the attorney has conducted a reasonable inquiry into the law such that the document embodies legal principles or a good faith argument for extension, modification or reversal of existing law; and 3) that the motion is not interposed for purposes of delay or harassment. *See, Robinson v. National Cash Register Co., supra.*

The signing attorney is under the duty to comply with these obligations. It has even been held that "when a lawyer learns that an asserted position, even if originally supported by adequate inquiry is no longer justifiable, he must not persist in prosecution." *Southern Leasing Partners Ltd. v. McMullan*, 801 F.2d 783, 789 (5th Cir.1986).

We find that the overall history of this claim renders the present case baseless. The claim was first brought in 1981 (Civil Case 81–1598) and was voluntarily dismissed. Thereafter, two motions for relief of judgment under Fed.R.Civ.P. 60 were denied, and said denial was affirmed by the Court of Appeals for the First Circuit. Plaintiff's counsel is aware of the litigation of this claim. It is also clear and known to plaintiff's counsel that the statute of limitations has also run. Under these circumstances Rule 11 must operate since the judicial processes cannot be wilfully abused. Rule 11 requires an attorney to conduct a reasonable inquiry to determine that the pleadings are based on well founded facts before affixing his signature to the documents. Sanctions may be imposed against an attorney and/or his client, irrespective of subjective bad faith, when it appears that a competent attorney after a reasonable inquiry could not form a reasonable belief that the pleading is well grounded in fact. *Pérez v. Vélez*, 629 F.Supp. 734, 737 (S.D.N.Y.1985).

In the case of *Van Berkel v. Fox Farm and Road Machinery*, 581 F.Supp. 1248 (D.Minn.1984), an attorney was sanctioned for having refused to discontinue a suit long after the statute of limitations has run. In the case of *Fox v. Baucher*, 794 F.2d 34, 37 (2nd Cir.1986), the district court imposed under the discretion afforded by Rule 11 the amount of $4,000.00 against the appellant after he filed a Fed.R.Civ.P. 60(b) motion to vacate the judgment in the face of a written decision by the district judge that concluded that plaintiff's action was frivolous and brought in bad faith.

The rule authorizes imposition of appropriate sanctions giving the Court the necessary flexibility to fashion a remedy to satisfy the purpose of the rule. *Brown v. Nationwide Mut. Ins. Co.*, 634 F.Supp. 72, 73 (S.D.Miss.1986).

We find that the pursuit of this case has been costly in judicial resources and in effort and expense on part of the government. *See, Brown v. Nationwide Ins. Co.*, 805 F.2d 1242, 1245 (5th Cir.1986). Wherefore, within the discretion granted by Rule 11, counsel for plaintiff is hereby ordered to pay the amount of $200.00 as sanctions.

*Loctite Corp. v. Fel Pro, Inc.,* 94 F.R.D. 1 (N.D.Ill.1980).

### *Taxation of $75.20*

 The government finally maintains that in the case of *Chang v. Smith,* 778 F.2d 83 (1st Cir.1985), which involved the appeal of the denial to relief from judgment under Rule 60(b)(6) and in which this Court's decision was affirmed, the Court of Appeals taxed costs against plaintiff in the amount of $75.20. Receipt of payment is still pending. This request for taxation of costs by this Court is DENIED. F.R.Civ.P. 41(d), under which the request is made, is by its terms only applicable when the plaintiff "has once dismissed an action" and does not extend to cases in which there is an involuntary dismissal. Wright and Miller, *Federal Practice and Procedure:* Civil § 2376 p. 246.

WHEREFORE, for the reasons stated in this Opinion the instant case is hereby DISMISSED, plaintiff's counsel is ORDERED to pay $200.00 as sanctions under Fed.R. Civ.P. 11, and the request for payment of costs as taxed by the Court of Appeals is hereby DENIED.

IT IS SO ORDERED.